CHARLES H. AUSTIN *et al.,* by their next friend, Caroline C. Austin, Appellants, *v.* THE BELLEVILLE AND ILLINOISTOWN RAILROAD COMPANY, *alias* The Terre Haute, Alton and St. Louis Railroad Company, Appellee.

APPEAL FROM ST. CLAIR.

An appeal will lie from the assessment of commissioners, appointed under the act of March 3rd, 1845, relating to the public right of way, or in cases where the condemnation is made under the provisions of that act, by direct reference to it.

THIS was an appeal, by the owners, from the assessment of damages for the condemnation of lot 85, in the town of Brooklyn, in St. Clair county, for the use of the Belleville and

Illinoistown Railroad Company, said assessments having been made by commissioners appointed by the Governor of the State of Illinois.

The court dismissed the appeal, on the motion of the defendants, on the ground that no appeal lay in this cause.

G. TRUMBULL, for Appellants.

G. KOERNER, for Appellee.

BREESE, J.   The appeal, originally, was taken from the award of certain commissioners, appointed to ascertain and assess the damages arising to the appellants by reason of the appropriation of part of a lot claimed by them in Brooklyn, for the road-way of the defendants.   The Circuit Court dismissed the appeal, and that is here assigned as error.

The law under which the commissioners were appointed was approved August 22, 1852, and is entitled " An Act to incorporate the Belleville and Illinoistown Railroad Company." Laws 1852, p. 114.

The fourth section of this act provides : " Where the owners of land and the company cannot agree as to the price and value of the land to be taken for the road, then the price and value may be fixed, estimated and recovered as prescribed by the act relating to the public right of way, approved March 3, 1845." (R. S. 477.)

These commissioners, on application of the company, are appointed by the Governor, after notice to the owners.   It then provides that these commissioners, or a majority of them, shall " deliver to said corporation a written statement of the award or awards they shall make, with a description of the land, or other real estate, appraised, to be recorded by the said corporation in the circuit clerk's office of St. Clair county, and then the said corporation shall be deemed seized," etc.

We are referred by the appellants' counsel to the sixth section of the act of 1845 (R. S. 479) for the right, on their part, to an appeal.   The reference to this law is proper, inasmuch as the price and value is to be fixed and estimated as therein prescribed, but the fourth section provides alone for damages for opening streets, lanes, alleys, extending or widening them, and allows an appeal to the aggrieved party only, and does not meet this case.

It would seem that the fourth section of this act would cover this case, since it provides, if the report of the commissioners be " that no damages would be sustained by the owner of the land for the passage of any such road, canal, or other public

work, over and above the advantages, etc., nothing more shall be paid than the costs of view; and in all cases arising under this chapter, either party may appeal to the Circuit Court of the county, within the same time, and under the same rules and regulations, as are or shall be prescribed by law for taking appeals from judgments of justices of the peace." R. S. 478.

There is not, in the charter, any positive provision for an appeal from the report of these commissioners, yet an allusion or recognition of one is found in its fourth section, providing, after notice is given for the appointment of commissioners, " That any appeal which may be allowed under the provisions of the act above mentioned (act of 1845), or of any general law of this State, shall not affect the possession of the land by the company," etc.; and further provision is made that the party appealing, other than the company, shall enter into certain stipulations that the company may enter on the land, etc.

The act of 1849, providing for a general system of railroad improvements, in force November 5, 1849, makes no provision for an appeal in cases like this.

The only general laws in force when these proceedings were had, were this act of 1845 and the act approved June 22, 1852, entitled " An Act to amend the law condemning the right of way for purposes of internal improvement."

This act has many peculiar provisions of which railroad and other companies might avail. An appeal is provided by it on behalf of those who may complain of the assessments of the commissioners, by filing an appeal bond within ten days after being notified of the filing the report of the commissioners with the clerk of the Circuit Court.

This act, we suppose, has nothing to do with this case, as it is evident, from the proceedings set out in the record, that they were conducted under the act of 1845, and not under this act.

We think it quite manifest, from the whole tenor and scope of the provisions of the charter to which reference has been made, that the same right to appeal, as in cases from justices of the peace, is conferred upon the owner of the land, and if he is so fortunate as to discover when the report of the commissioners is filed in the clerk's office—no notice being required to be given to him—he can, as was done in this case, within twenty days thereafter, take an appeal.

The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*