City of Boonville v. Ormrod's Adm'r.

———◄•●●►———

CITY OF BOONVILLE, Respondent, v. ORMROD'S ADMINISTRATOR, Appellant.

1. Where proceedings are instituted to condemn and appropriate private property to public uses, notice thereof should be given to the owner of such property.
2. Notice of such proceeding given to an administrator will not be notice to the heirs; notice must be given to the heirs.
3. The city of Boonville instituted proceedings under its charter to condemn real estate belonging to an intestate's estate, and notice of such proceedings was given to the administrator and not to the heirs; held, that the proceedings were invalid for want of notice to the heirs.

*Appeal from Cooper Circuit Court.*

This was a proceeding instituted in behalf of the city of Boonville under its charter for the purpose of opening and

extending Chestnut street in said city over real estate belonging to the heirs of Joseph Ormrod, deceased. A summons was issued for a jury of freeholders to assess the damages and benefits. Notice of the proceeding was given to John M. McCutchen, administrator of said Joseph Ormrod, deceased. The jury viewed the premises, and assessed the sum of $200 as damages to the estate of Ormrod. The administrator appealed to the circuit court. The jury assessed the damages at $250. Judgment was rendered accordingly. The administrator moved the court to set aside the verdict and dismiss the proceeding, on the ground that the heirs of Ormrod had never received notice thereof. The court overruled the motion.

*Douglass* and *Hayden*, for appellant.

I. Ormrod's heirs and not his administrator were the parties interested in the land. Notice should have been given. The administrator was the only party notified; he was the only party that appealed, as appears from the entry on the mayor's docket. The recital in the appeal bond could not make the heirs parties. To condemn private property without giving the owners notice would be a gross abuse of the right of eminent domain.

*Draffin* and *Hutcheson*, for respondent.

I. The proceeding was conducted in strict conformity to the charter of the city of Boonville. (See Sess. Acts, 1839, p. 297, § 13; Sess. Acts, 1847, p. 183.) The owners were parties to the proceeding. They made themselves such by taking an appeal to the circuit court. The administrator could not take the appeal because he could not make the necessary affidavit. The party must swear that he is injured by the judgment. The administrator had no interest in the land condemned. The owners took the appeal through the administrator as their agent.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding on the part of the plaintiff to condemn for public use lands belonging to the estate of Joseph

Ormrod, deceased. Notice of the intention to take such steps was given to John M. McCutchen, administrator of Ormrod, but none was served on the heirs of the deceased.

In order to ascertain who are the parties to a legal proceeding we look in the record for those who have been served with notice or who appear and defend. The respondent seems to have been aware of the necessity of giving notice to those whose rights were to be affected, but, while acknowledging this necessity, gives the notice to one who is in nowise interested. It is not seen how McCutchen, as administrator, could be made a party to a proceeding affecting the rights of the heirs of his intestate. It does not appear that he was empowered to act as their agent, and if he was, the notice should not be to him but to the heirs. From the record it does not appear that they had any notice. The unauthorized use of their names in the bond of McCutchen, who actually took the appeal and who alone had notice, could not affect them. The constitution may not require notice to be given of the taking of private property for public use, yet when the legislature prescribes a mode by which private property may be taken for such purpose, we will, out of respect to it, suppose that it did not contemplate a violation of that great rule, recognized and enforced in all civil governments, that no one shall be injuriously affected in his rights by a judgment or decree resulting from a proceeding of which he had no notice and against which he could make no defence. Nothing would so much impair that just self-respect arising from the ownership of property, fairly acquired, as the reflection that it is subject to be defeated by others without notice to the possessor. The times require that courts should be zealous in carrying out that great aim of government—the defence of men and their children in the enjoyment of property acquired by their diligence, toil and labor. No man can cherish a warm affection for a government that suffers others, without notice and behind his back, to seize and appropriate his property on occasions justified by no emergency. In a case in 15 Wend. 374, it was held that private property

could not be taken for public use without notice of the proceeding to the owner, but that it was competent to the legislature to direct the mode of giving such notice; and if the requirements of the statute in such cases should be complied with, it would be sufficient. The case of Corliss v. Corliss, 8 Verm. 373, was one in a probate court, and it was remarked that notice is so essentially necessary that without it such proceedings are uniformly held to be void, except in cases where the statute has provided specific means of relief. So far has this principle been carried that such proceedings have frequently been adjudged void for want of notice, even where none was directed by statute.

The fourth section of the act amendatory of the charter of the city of Boonville (Sess. Acts, 1847, p. 183) directs that if the parties can not agree upon a compensation, the mayor shall cause the same to be ascertained by a jury, &c. In the case of Hinckley and others, 15 Pick. 448, a similar provision in a statute providing for an agreement of the parties was held clearly to indicate that the legislature contemplated a notice to the party whose property was to be taken for public use. (See Angell on Highways, § 122.)

Judge Napton concurring, the judgment will be reversed.