JOHN TAYLOR *et al.,* Plaintiffs in Error, *v.* JAMES PETTIJOHN,
                     Defendant in Error.

                    ERROR TO TAZEWELL.

The act of 1845, for the condemnation of the right of way, is in force, where its
   provisions are not repugnant to the act of 1852, passed for the same purposes,
   the latter being amendatory of the former.   And where a corporation is author-
   ized to acquire right of way, under the act of 1852, or as authorized by any
   other act, such authority embraces the act of 1845; and trespass will not lie
   against those who enter upon land, under a condemnation, by force of that law,
   where it has been acquiesced in.

   THIS was an action of trespass *quare clausum fregit,* com-
menced before a justice of the peace, of the county of Tazewell,
by the defendant in error, against the plaintiffs in error, and
verdict and judgment in favor of plaintiff.   Defendants below
then filed their appeal bond, and prayed an appeal to the Cir-
cuit Court.   And on the trial of said cause, the court (a jury
having been waived,) found the issues for the plaintiff below,

and assessed his damages at ten dollars, and for that sum rendered judgment against the defendants below.   To reverse which judgment the plaintiffs in error bring this case to this court.

On the trial of this cause, plaintiff below, to maintain the issues on his part, called a witness, who testified to the entry of defendants on plaintiff's land, for the purpose of doing work on the Tonica and Petersburg Railroad.   But he thought plaintiff's land was damaged twelve or fifteen dollars by means of the entry thereon by defendants.

Defendants then offered in evidence the charter and amendments thereto of the Tonica and Petersburg Railroad Company. In the original charter there was a section relative to acquiring a title to the land for the right of way for said railroad, which is as follows, to wit:

" SECTION 4.   The said company are hereby authorized by their engineers, agents and surveyors, to enter upon any lands for the purpose of making the necessary survey and examination of said road, and to enter upon and take and hold all lands necessary for the construction of said road, and all such lands as may be required in the construction of bridges, dams, embankments, excavations, spoil-banks, turn-outs, depots, engine-houses, shops, turn-tables, and other necessary improvements or buildings, first making just compensation to the owners or occupiers of said lands, for damages that may arise to them from the appropriation thereof to the uses aforesaid ; and in case said company shall not be able to obtain the title to the lands required for said uses by purchase or voluntary cession, the said company are hereby authorized to proceed to ascertain and determine the damages sustained by such owners or occupiers, and obtain right and title to said lands in the manner and upon the principles provided in ' An act to amend the law concerning the right of way for purposes of internal improvements,' approved June 22nd, 1852, or in the manner and upon the principles provided by any other act, that may have been or may hereafter be passed by the General Assembly of the State of Illinois, to enable railroad companies to appropriate lands for the purposes aforesaid."

Defendant then offered in evidence the certificate of secretary of the company, that the company was duly and regularly organized under the provisions of its charter.

Defendant then proved the execution of, and offered in evidence the following papers, to wit:

The appointment, by a justice of the peace, of three commissioners to appraise and assess the damages done to the land of

James Pettijohn, by reason of the construction of the Tonica and Petersburg Railroad over said land.

Notice, and proof of the service thereof, to James Pettijohn, that on the 20th day of October, 1858, the persons appointed to assess the damages that might accrue to him, by reason of the construction of said Tonica and Petersburg Railroad over his land, would proceed to view said land and assess the damages that might accrue to him, the said Pettijohn, by reason of the construction of said railroad across said land, and that he, the said Pettijohn, might appear on said land at that time, if he saw proper.

A certificate, that the said persons appointed to assess said damages, had been severally sworn to discharge their duties according to law, and that they were not interested, directly or indirectly, in said land, and were neither of them of kin to the said James Pettijohn.

The report of the commissioners appointed to assess said damages, that, after having viewed said land, they are of the opinion that the construction of said railroad would greatly enhance the value thereof, and that the damage done to the owner thereof, over and above the benefit derived from the construction of said railroad, is one dollar, which sum they assess to said Pettijohn, as damages.

To the introduction of all which, plaintiff objected, and the court sustained the objection, and excluded said evidence.

Defendants then called *Josiah Sawyer*, who testified that he was a director of the Tonica and Petersburg Railroad, and had been such since its organization. That he endeavored to procure of plaintiff the right of way for said railroad over plaintiff's land, but that they could not agree, and he procured the damages to be assessed. That defendants, Cantwell and Evans, were contractors on said railroad, and they went on plaintiff's land for the purpose of constructing said railroad, and that defendant, Taylor, was the agent of Cantwell and Evans.

H. M. & J. J. WEAD, for Plaintiffs in Error.

C. C. BONNEY, for Defendant in Error.

WALKER, J.   The question presented by this record is, whether the plaintiffs in error could justify their entry upon the land of defendant, under the proceedings had to condemn the right of way by the railroad, and to assess the damages for the same.   The proceedings were had under, and in conformity to, the provisions of the act of 1845 (R. S. 477), entitled, "Right of way."   It is urged that the company were bound to proceed

under the act of June 22, 1852, (Scates' Comp. 481), which is entitled " An act to amend the law concerning the right of way, for purposes 'of internal improvements." This latter act is entitled as an amendatory law, and in terms repeals no portion of the former act. This being the case, only such portions were repealed as were repugnant to the provisions of the latter statute. Every portion of the first act, which is not in conflict with the latter, is still in force. In the case of *Austin* v. *Belleville and Illinoistown Railroad*, 19 Ill. R. 310, this court recognized the act of 1845 as being in force and unrepealed

Although we might hesitate to hold that the road might proceed to condemn the right of way, and assess damages under the act of 1845, independent of their charter, yet it, we think, confers that right. The charter of the company, under which plaintiffs in error seek to justify, authorizes the company, in acquiring the right of way, to proceed under the act of June 22, 1852, or in the manner and upon the principles provided by any other act that may have been, or may thereafter be passed by the General Assembly, to enable railroad companies to appropriate lands for the use of such roads. This provision is broad and comprehensive in its terms, and undoubtedly embraces the act of 1845, it being the only general act adopted for that purpose, prior to the act of 1852, and no other previously passed, could have been referred to by the General Assembly.

Their charter authorizes them to proceed in the manner, and upon the principles of this act, and it is not objected that there was any failure in respect to either. The commissioners were appointed by the proper officer, took the required oath, the owner had notice of the proceeding, the commissioners assessed the damages, and they were tendered to and refused by the owner. He acquiesced in the proceeding, took no appeal, and did no act to avoid its effect. This proceeding must therefore be held to justify the entry of the employees of the company, for the purpose of constructing the road.

The court below therefore erred in rendering judgment against plaintiffs in error, and it must be reversed, and the cause remanded.

*Judgment reversed.*