ATLANTIC & ST. LAWRENCE R. R. Co., *petitioners for certiorari, versus* CUMBERLAND COUNTY COMM'RS.

Where, by statute, damages in a specified case were to be ascertained in the same manner that damages, occasioned by the laying out of highways, are, by law, determined ; — if the county commissioners issue a warrant for a jury to assess the damages, on the application of persons claiming damages, without giving notice, to the party adversely interested, of the pendency of such application, the proceedings *under the warrant* will be illegal, and *certiorari* will lie to quash the erroneous proceedings.

THIS was a petition for a writ of CERTIORARI, commenced in the year 1854.

The case, upon copies of the record of the proceedings of the county commissioners, was presented for decision by

the Court of law in 1855. The questions, arising from these records, were re-argued, in 1863, by

*P. Barnes*, for the petitioners, and

*Shepley & Dana*, for the respondents.

The opinion of the Court was drawn up by

APPLETON, C. J.—The petitioners being authorized by the special Act of June 17, 1846, c. 310, to take certain land for depot purposes, instituted proceedings for the appraisement of damages before the county commissioners at an adjourned session of the June term, 1852. Notice, as appears by the record, was given of these proceedings.

At the following December term, the commissioners made their award by which they allowed compensation for all·the land taken. All the land appraised was claimed by some owner or owners, who appeared before the commissioners, and in whose favor awards were made for the value of each parcel of land taken by the petitioners.

The award embraced the parcel of land called the Rowland Bradbury tract, which was claimed by numerous tenants in common, descendants of Bradbury, or their grantees.

The costs of this proceeding were paid by these petitioners.

Within a short time after these awards were made, the petitioners, as they allege, complied with the terms of the award and made the payments required thereby to most of the claimants, and particularly to those who claimed and had shown title to the Rowland Bradbury land.

On the 21st Sept., 1853, Joel Rand and others, the respondents in interest, filed their joint petition to the commissioners, alleging that they were tenants in common of the Bradbury land; that no damages had been awarded them for their interest, and praying for a jury. Thereupon, without notice to the railroad company, or to any other party, a warrant for a jury was issued.

The petitioners for a *certiorari* rely mainly upon the fact

that the warrant for a jury was issued without notice to them of the pendency of the petition therefor.

By the special Act of June 17, 1846, c. 310, the doings and proceedings of the commissioners in the premises are to be governed and conducted "in all cases in the same manner, and under the same conditions and limitations, as are by law provided for ascertaining and determining the damages occasioned by the laying out of highways. And the said commissioners are hereby authorized and required, on the written application of either party, to proceed to examine, hear and adjudicate, in the premises, and to cause their doings to be entered as of record on the records of their doings as county commissioners."

By R. S., 1841, c. 25, § 8, under which the petition of Rand and others was filed, it is enacted that, "any party, aggrieved by the doings of the commissioners in estimating damages, * * may have a jury to determine the matter of his complaint, on his petition pursuant to the fifth section of this chapter, *unless* he shall agree with the parties, adversely interested, to have the same determined by a committee, to be appointed under the direction of the commissioners."

The present petitioners claim that, by the language of this section, as well as by the repeated decisions of the Supreme Court of Massachusetts upon the construction of a statute of that Commonwealth, almost identical in the words used, no warrant for a jury should have issued without notice to them of the pendency of the petition therefor, that they might show cause why it should not be granted. It is obvious that there could be no agreement with parties adversely interested, unless there should be an opportunity given to make the agreement. The order for a jury was not to issue until that opportunity was had, and that could not be had, if the warrant for a jury were issued before notice should be given, that one was desired.

It was decided in *Central Turnpike Corporation, petitioners*, 7 Pick., 13, upon an application for a jury, to assess

the damages sustained by the location of a road, that notice should be given to persons interested, to show cause why a warrant for summoning a jury ought not to be issued. In *Hinckley, petitioner*, 15 Pick., 447, referring to language similar to that just cited, the Court say :—"This provision clearly implies, that the parties are to have an opportunity to agree upon the amount of damages, or on a special committee to assess them, before a jury is ordered, and, for this purpose, that they are to have notice of the application, before the order passes." In *Porter* v. *County Commissioners*, 13 Met., 479, an order for a jury was made without notice to the adverse party. "Such an order," remarks DEWEY, J., "could only be made after due notice to the corporation, or, what is equivalent, an appearance by them. The order being thus wholly illegal, no duty devolved upon the petitioner to call out the jury in pursuance of such order ; and he might properly treat it as a nullity. The proper order upon the petition has not been made, viz. : an order of notice upon the corporation to show cause why a jury should not be ordered upon the petition." The necessity of notice to those adversely interested is recognized as indispensable in *Brown* v. *Lowell*, 8 Met., 172. *Field* v. *Vt. & Mass. R. R.*, 4 Cush., 150.

In the last revision of our statutes, the necessity of notice is equally implied as in the one which preceded it. R. S., 1858, c. 18, § 8.

The appearance of the present petitioners before the sheriff's jury was no waiver of objections to its irregularity, because neither the sheriff nor the jury could sustain the exception, or act upon it, if it had been taken. *Hinckley, petitioner*, 15 Pick., 447.

But it by no means follows because the warrant for a jury has issued prematurely, that therefore all proceedings should be quashed. They may be quashed in part and affirmed in part. *Hopkinton* v. *Smith*, 15 N. H., 155. The issuing a warrant for a jury, without notice to parties adversely interested, was erroneous. The proceedings consequent upon

such warrant should be quashed.   This would leave the petition still before the commissioners, who, upon and after notice to the railroad corporation, might issue another warrant, in case the parties should not agree upon a committee, unless some valid and sufficient plea in bar of all further proceedings should be interposed.  *Brown* v. *Lowell*, 8 Met., 172 ; *Porter* v. *Co. Commissioners of Norfolk*, 13 Met., 479 ; *Com.* v. *Blue Hill Turnpike*, 5 Mass., 420 ; *Com.* v. *West Boston Bridge*, 13 Pick., 195.

Whether the respondents in interest have title to the premises in question, and if so, how far, and to what extent they are concluded by the previous proceedings had after notice given, may hereafter require grave consideration.

*Certiorari to issue.*

Rice, Davis, Kent, Walton and Dickerson, JJ., concurred.