# THE PEORIA & ROCK ISLAND RAILWAY CO.

*v.*

# WILDER W. WARNER.

1. PLEA—*justification—condemnation of right of way.* A plea to an action of trespass, justifying the entry on the land by a railroad company under proceedings to condemn the right of way, in which notice was not given to the owner, is insufficient to bar the action. A party must have notice of such a proceeding before he can be deprived of his property. It is required by the statute. Whether the proceedings were instituted under the act of 1845 or that of 1852, the notice is equally required. Such a notice is indispensable independent of statutory requirement.

2. CONDEMNATION OF RIGHT OF WAY. The act of 1845, entitled "Right of Way," was in force notwithstanding the act of 1852, on the same subject, so far as it is not repugnant to the latter act, and it has been so recognized by repeated decisions and by legislative enactment. The general railway law of 1849 did not affect the act of 1845. The 19th section of that act was intended to reserve the power in the legislature to fix the route and *termini* of all roads organized under its provisions, and not to repeal the law of 1845.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. O. E. PAGE, for the appellant.

Messrs. BENNETT & VEEDER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action of trespass against the railroad company. The defendant justified under its charter and the act of 1845, entitled "Right of Way." The only averment in the plea as to notice to the party whose land was condemned, was this: "The defendant avers that said plaintiff was present with said commissioners before their report was signed, and had an opportunity to be heard upon his claim for damages."

The questions are, as to the sufficiency of the plea, the repeal of the act of 1845 by the act of June 22d, 1852, and the construction and effect of the latter act.

There is no sufficient averment of notice. The party whose land is to be taken has the right to reasonable notice of the time and place when and where application will be made for the appointment of the persons who are to assess the damages. For aught that is stated in the plea, he may have known nothing as to the appointment of the commissioners, or of their action, until the assessment of the damages.

But it is contended that the condemnation proceedings, which constituted the justification, were instituted under the law of 1845, and that it did not, in terms, require any notice. There can scarcely be a doubt that the legislature intended that notice should be given under that act.

The first section provides that, when the road shall be required to pass over the land of any person, and the owner shall object, or there is disagreement as to the amount of damages, then the application shall be made to the justice of the peace. This presupposes a notice. There could be no difference as to the amount of damages, and the owner could make no objection to the proceeding, when no notice had been given.

In *Gilbert* v. *Columbia Turnpike Co.*, 3 Johns. Cases, 107, where a statute, similar to ours, except that it required notice, was under consideration, the court held that, in such cases, which so materially interfere with private rights, it must appear that there was a disagreement between the parties, before the application can be made for the appointment of commissioners.

On an appeal from the decision of the commissioners of highways, relative to laying out, altering, etc., a highway, the act did not require any notice, and none had been given. In such case, the court held that a notice of the appeal was indispensable, though the act did not direct that it should be given. *Commissioners of Highways* v. *Claire*, 15 Johns. 537.

Section four of the act of 1845 provides that either party may appeal to the circuit court within the time and under the rules and regulations as are prescribed by law for taking appeals from the judgments of justices of the peace.

It is beyond the ability of any ordinary mind to comprehend any benefit which might result from the right to appeal from an assessment, of which the party had never heard. If no notice is required, the grant of the appeal is the merest mockery. The legislature never intended that the right of appeal should be a delusion, as it inevitably must be in numerous instances, if no notice is given.

But if no notice is required by the act of 1845, upon a fair construction of it, still the railroad company was enjoined, by the act of 1852, to give notice to the owner of the land of the commencement of the proceedings to condemn.

In *Austin* v. *Belleville & Illinoistown Railroad Co.,* 19 Ill. 310, the acts of 1845 and of 1852 were held to be general laws, and in force.

In *Taylor* v. *Pettijohn,* 24 Ill. 312, it was held that the portions of the act of 1845, which were not clearly repugnant to the act of 1852, were in force.

In *St. Louis, Jacksonville & Chicago Railroad Co.* v. *Mitchell,* 47 Ill. 165, the proceedings to condemn were instituted under the act of 1845.

The act of 1845 has so often been recognized, since the enactment of 1852, that the validity of the former can not be regarded as an open question in this court.

The legislature has also repeatedly recognized the validity of the act of 1845. The act of 1852 contains no express repeal of it, but is amendatory of it. The title is, "An act to amend the law condemning the right of way for purposes of internal improvement." Sess. Laws of 1852, 146.

In 1869 it was enacted that the provisions of both acts should apply to all proceedings for the condemnation of lands. Sess. Laws 1869, 373.

In view of these recognitions of the act of 1845 by both the legislative and judicial departments of the State government, its validity as a general law of binding efficacy, must be regarded as settled, except where there is a clear repugnance between it and the law of 1852.

Assuming, then, that our construction of the law of 1845, as to notice, is not correct, we are of opinion that notice must be given according to the provisions of the act of 1852.

The appellant corporation was created since the passage of the act of 1852, and it is urged that the act has no application to this company. In support of this position, reference is made to the 19th section, which we quote : " All corporations heretofore created by special charter of incorporation, or under the general law, where the *termini* have been fixed by the legislature, and none others, may avail themselves of this act."

The counsel misapprehends the meaning of the section. The plain reading is, that all corporations with the *termini* fixed by the legislature, shall have the benefit of the act.

The general railroad law of 1849 contained this reservation : " And the legislature hereby reserves the right to itself to indicate the routes and *termini* of said roads, and the same shall not be constructed or commenced without the express sanction of the legislature of this State, by a law to be passed hereafter."

The sole object of section 19 was to continue the reservation of power in the legislature to fix the routes and *termini* of all roads before the corporations should exercise the right of eminent domain. It has no application to this company, for the *termini* of its road are fixed by its charter.

We are of opinion that the plea was defective, and that the demurrer was properly sustained.

The judgment is affirmed.

*Judgment affirmed.*