MOSES *et al.*, v. THE ST. LOUIS SECTIONAL DOCK COM-
PANY *et al.*, Appellants.

1. **Condemnation Proceedings :** PARTY. A person not served with
process or notice of a proceeding to condemn his land for public
use is not bound thereby.

2. ———— : JURISDICTION. Where the charter of the city of St. Louis
gave the land commissioner power to condemn private property for
public use when no agreement could be made with the owner as to
the compensation to be made, it should appear there was an effort
and failure to make such agreement, otherwise there was no ju-
risdiction to proceed with the condemnation.

3. **Estoppel :** CITY : WHARF. Where property in a city has been
dedicated by its owners for public wharf purposes and for a long
time so treated by all parties the city will not be estopped to claim
it thereunder because it was included in a later ordinance and the
proceedings to condemn had under it. It is not within the power
of city officials to thus vacate a public highway.

4. **Deed :** CALL FOR STREET IN DESCRIPTION. A call in a description in
a deed for a street is an implied covenant as to parties who are
*sui juris* that there is such a street, and the grantee in the deed
takes the property conveyed, subject to the existence of such way.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Leverett Bell* for appellants.

(1) Mrs. Moses, then Mary Atchison, and Henry
Papin through whom, plaintiff, Harriet Papin, claims,
having executed and acknowledged the instrument of
1851, there was no necessity for the city of St. Louis to
attempt to agree with the parties before condemnation
as required by the rule laid down in *Anderson v. St.
Louis*, 47 Mo. 479. (2) The eastern two-thirds of the
property sued for was conveyed to the city for wharf
purposes by the grant of 1851. The city took possession
of it in 1859, and has held and used the same since for

Moses v. The St. Louis Sectional Dock Company.

purposes of building and repairing boats engaged in navigating the western rivers. So far as said eastern two-thirds of the property sued for is concerned it was unnecessary to make Mrs. Moses and Mr. Papin parties to the condemnation proceedings. The city had already in 1851 acquired the title of these parties to the part of the premises sued for. (3) The plaintiffs are estopped from claiming any of the property embraced in this suit by the deed of July 11, 1871, by which S. Gratz Moses and Mary Moses his wife, and Henry Papin and Harriet Papin, conveyed to R. G. Nixon and others, in consideration of $15,000, block eight hundred and sixty-nine immediately west of and adjoining the property sued for, and in which they described said block as bounded on the east by the west line of Front street. Front street and the wharf are synonymous terms. *Parker v. Smith*, 17 Mass. 413; *Fox v. Refinery*, 109 Mass. 292; *Tufts v. Charlestown*, 2 Gray 271.

*E. P. Johnson* and *George W. Hall* for respondents.

(1) The proceedings under ordinance 5403 were void, no effort having been made prior to the proceedings to condemn, to agree with the owner as to the sale of the property. *Anderson v. St. Louis*, 47 Mo. 479. (2) The instrument of 1851 did not obviate the necessity on the part of the city to attempt to make above agreement, besides the city did not accept it or act under it. (3) Defendants have not acquired title by adverse possession. (4) The evidence shows a wharf has never been made at that point. (5) Plaintiffs are not estopped by the recitals in the deed to Nixon of February 11, 1871. To be estopped the plaintiffs must have plainly recognized the wharf in the deed as an appurtenance to the property conveyed; this they did not do. Both Mrs. Moses and Mrs. Papin at the time of the deed to Nixon were married women, against whom the doctrine of estoppel cannot be invoked. (6) The question whether respondents had been divested of the rights was one of fact and

cannot be reviewed here. *De Graw v. Prior*, 54 Mo. 313 ; *Weilandy v. Lemuel*, 47 Mo. 322.

BLACK, J.—This was an action of ejectment for a small piece of land, parcel of south wharf in the city of St. Louis. The cause was tried by the court, without a jury, and the plaintiffs had judgment for the undivided two-thirds of the property sued for, which judgment was affirmed *pro forma* in the court of appeals. On trial the parties stipulated that the plaintiffs were the "owners jointly of an undivided two-thirds interest in the premises sued for and entitled to recover possession of the same in this action, unless their title had been divested by the proceedings to open the south wharf under ordinance 5403, and the subsequent proceedings and adverse possession thereunder."

The defendants read in evidence an ordinance, approved February 6, 1847, declaring Front street to be a part of the wharf; an ordinance approved March 29, 1851, which fixed the boundaries of Main street, the wharf, Front street, and extended various cross streets eastward to the wharf. This ordinance made the west lines of Front street and the wharf the same line, and two hundred and sixty-five feet distant from the east line of the wharf. Provision is thereby made for opening these streets and the wharf, or any part thereof, as soon as the owners of the ground should release the same to the city for such purposes ; also, an instrument, not under seal, dated in 1851, signed by Henry Papin, Mrs. Moses, then Mrs. Atchison, a widow, and by various other persons. This instrument was duly acknowledged by Mrs. Moses in 1853, and recorded March 20, 1857. It referred to the ordinance of March 29, 1851, and a plat which was a delineation of these streets and the wharf as designated and defined in the ordinance. It dedicated the property owned by those who signed it, within the boundaries of Main and the cross streets, to public use, and authorized the city to locate and construct a wharf, as designated on the plat, upon their property,

and dedicated to public use the property so to be taken for purposes of a wharf.

Ordinance number 5403, approved August 6, 1864, and mentioned in the stipulation, again defined the boundary lines of the wharf and directed the land commissioner to cause the land within these boundaries to be opened. Proceedings to condemn this and other property were commenced on September 17, 1866, and carried on, apparently without regard to the former dedication, and the verdict of the jury was confirmed by ordinance, approved July 2, 1867. Damages were allowed to the owners of this property, and they were assessed with a like amount of benefits on adjacent property. This property, as yet, has never been improved for or used as a wharf. The city took possession, certainly, of that described on the plat, in 1859, and leased it to a dock company, of which the present defendant is the successor. The property has been thus leased from that time to this and used in connection with their business of repairing boats, except the western part, which has been kept open as a road way and is called Front street. The proceedings to condemn and ordinance 5403 included about one hundred feet more of the plaintiffs' property than was included in the ordinance of 1851, which was caused mainly by a change in the location of the east line of the wharf.

1. Mary Moses, her husband, and Henry Papin, were parties to the proceedings before the land commissioner. Mary Moses was not served with process or notice and for this reason they are invalid as to her. The revised charter of the city of St. Louis of March 19, 1866, gave the land commissioner power to condemn private property for public use, where no agreement could be made with the owner as to the compensation to be paid. It does not appear that there was any failure to make an agreement, or that any effort to agree with the owners was ever made. It has been held repeatedly by this court, in the consideration of similar laws, that a

failure to agree is an essential pre-requisite, without which the officer or tribunal had no jurisdiction to proceed. *Leslie v. The City of St. Louis*, 47 Mo. 474; *Anderson v. The City of St. Louis*, 47 Mo. 479; *Ellis v. Pacific R. R.*, 51 Mo. 200. It is contended, however, that consent to take this property had been given in advance, not because of any actual present consent thereto, but as a result flowing from the passage of the ordinance of March 29, 1851, and the execution of the document before mentioned. That instrument and the ordinance did not contemplate that any of the property of those who signed it would be condemned, much less that the additional parcel would be taken. The paper was signed some thirteen years before these proceedings were commenced and had no relation whatever to them. The claim made in this respect is not tenable.

2.   The ordinance of March 29, 1851, and the plat are to be taken and read as a part of the written instrument executed by Henry Papin and Mrs. Moses, then Mrs. Atchison, which, with the undisputed possession of the property, taken and held by the city through its lessees, constituted a complete dedication of so much of the property sued for as was described and devoted to wharf purposes by that document. It is insisted, however, that because of the stipulation upon which the parties went to trial, all these proceedings prior to the passage of the ordinance, number 5403, must be disregarded. This would seem to be the purport of the stipulation, yet all this evidence was offered and admitted without objection and apparently upon the theory that the agreement made out a case to begin with for the plaintiffs. The evidence which we are now asked to disregard was wholly irrelevant upon any other hypothesis. We must treat this evidence here as the parties treated it in the trial court.

It is, also, contended by respondents that inasmuch as the city included within the ordinance of August 6, 1864, and the proceedings to condemn had thereunder, the

property before dedicated, that the city is now estopped from asserting a claim under the prior dedication, and this too, though the property has at all times since 1859 been treated by all parties as a part of the wharf. Such results, we think, do not follow. We do not see how it is within the power of the city officials to thus vacate a public highway. On the conceded facts the judgment should have been for the city as to that part of the property in question.

3. On the 11th of July, 1871, S. Gratz Moses and Mary Moses, and Henry Papin, through whom Harriet Papin claims as devisee of a life estate, with certain other persons, conveyed by warranty deed, to Nixon and others lot eight hundred and sixty-nine, the east line of which is described in that deed as running with the "west line of Front street three hundred and forty-six feet and six inches," this being the entire eastern boundary of that lot. This deed must, by the force of its own terms, convey all of the property to the west line of Front street, and in the absence of anything to the contrary will be taken to have been made with reference to the then location of the street. There is much evidence in the cause tending to show that this strip of land had not been taxed since 1864 by the city ; that since the proceedings to condemn were concluded, it has been actually used as Front street and so treated by the city. The call for Front street in the deed to Nixon and others is more than mere description, so far as S. Gratz Moses and Henry Papin were concerned. That call is an implied covenant that there was such a street. *Parker v. Smith*, 17 Mass. 411 ; *Tufts v. Charlestown*, 2 Gray 271. The grantees in that deed took the property so conveyed subject to the existence of such a way. *Earle v. The Mayor et al*, 9 Vroom 47. All this must be regarded as a waiver of the right of those who signed that deed, and were *sui juris*, to thereafter assert the invalidity of the condemnation proceeding. Of course all this depends upon the existence of the facts, which we

have said the evidence tends to prove. Inasmuch as Mr. and Mrs. Moses were married long prior to August 1, 1866, the date at which section 3295, Revised Statutes, 1879, first took effect, his marital rights to property which they then held cannot be affected thereby. Wells on Separate Property of Married Women, section 19; 5 Ohio St. 45; *Meyers v. Gale*, 45 Mo. 416; *Hall v. Stephens*, 65 Mo. 681.

Judgment reversed and cause remanded. The other judges concur.

