THE CITY OF KANSAS v. HULING *et al., Appellants.*

1. **Municipal Corporation:** STREET: CONSTITUTION. A city ordinance, passed in pursuance of a charter requiring the city to keep its streets in repair, is not unconstitutional because it directs the city engineer to make the repairs at the expense of the adjacent property owner without notice to the latter.

2. ———: ———. When sued on the special tax bill the property owner can have his day in court and make his defence.

The City of Kansas v. Huling.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Alderson & Young* for appellants.

The provisions of the city charter and ordinances are unconstitutional and invalid, in that they permit an assessment against property without notice to the owner. *Jordan v. Hyatt,* 3 Barb. 275, 282, 283 ; *Darling v. Gunn,* 50 Ill. 424, 428 ; *Empire City Bank, In Re,* 18 N. Y., 199, 215 ; *George v. Midough,* 62 Mo. 549, 551 ; *Philadelphia v. Miller,* 49 Pa. 440, 448, 449 ; *Ford, In Re,* 6 Lans. 92 ; *New Jersey Turnpike Co. v. Hall,* 2 Harrison, 337, 339 ; *State v. Newark,* 1 Dutch, 399, 411 ; *Overing v. Foote,* 65 N. Y. 263, 269 ; *Ireland v. Rochester,* 51 Barb. 414, 431 ; *Brewster v. Newark,* 3 Stockton, 114, 118 ; *Stuart v. Palmer,* 74 N. Y. 183, 187, *et seq.; Hood v. Finch,* 8 Wis. 381, 387 ; *Boonville v. Ormond,* 26 Mo. 193, 195, 196 ; *Dickey v. Tennison,* 27 Mo. 373, 376 ; *Owners, etc., v. Mayor, etc.,* 15 Wend. 374, 376 ; *Lowery v. Rainwater,* 70 Mo. 152 ; Cooley on Taxation, 265, 266 ; *State v. Fon du Lac,* 42 Wis. 287, 298 ; *Gulf Ry. v. Shepard,* 9 Kas. 647, 654, 655 ; *State v. Jersey City,* 4 Zabr. 662, 666 ; *State v. Jersey City,* 5 Vroom, 31, 41 ; *Eustace v. Jahns,* 38 Cal. 3, 15, *et seq.; Brown v. Denver,* 7 Col. 305, 311, *et seq.; Gatch v. Des Moines,* 18 N. W. Rep. 310, 311, *et seq.; People v. Tallman,* 36 Barb. 222.

*Wash Adams* and *R. H. Field* for respondent.

The charter and ordinances in question are not unconstitutional as contended by appellants. Full opportunity to question the validity of the tax bill, after its issuance, as well as the sum charged, is left open to the

property owner. The tax bill in suit thereon being only *prima facie* and not conclusive evidence, the proposition of appellants is palpably untenable. *Hagar v. Reclamation District No. 108 ;* 111 United States Report, 701 ; *St. Louis v. Richeson,* 76 Mo. 470 ; see respondent's Charter, Laws 1875, pp. 253, 254, sec. 6 ; *Id.* Article, sec. 4.

HENRY, C. J.—This case was submitted to the circuit court of Jackson county upon an agreed statement of facts, substantially as follows : Defendants owned a lot in the City of Kansas, and repairs were made upon the sidewalk in front of said lot by the city authorities, and this suit is to recover the amount of a special tax bill for the cost of said repairs.

The charter authorized the city to require the property holder to make such repairs, or to do it at his expense. Art. 8, sec. 6, Charter. By its ordinance, the city made it the duty of the city engineer to keep all paving, sidewalks, etc., in good repair, and provides that: "The city engineer may require the owners or occupants of property, liable to be charged with the cost of any repairing, in this section mentioned, to make any or all such repairs, as he may, from time to time, deem necessary, and may, in such case, notify every such owner or occupant to do the repairing within such period as he shall designate. Whenever such owner or occupant cannot be conveniently found, or shall fail or refuse to comply with such requirement, or it may be by him deemed best, such engineer may make such repairs or cause the same to be made, for and on account of the city, without any notice to the owner or occupant of the property chargeable therewith."

The contention is that the ordinance is unconstitutional, in that it authorizes an assessment against the property of an individual, without notice to him, and numerous cases are cited in support of the proposition, some of them bearing upon the question, and rather

favoring that view, others of them wholly inapplicable, as, for instance, the cases of *Boonville v. Ormrod's Adm'r*, 26 Mo. 195 ; *Dickey v. Tennison*, 27 Mo. 373, and *Lowry v. Rainwater*, 70 Mo. 152. The first two were condemnation proceedings by which it was sought to take private property for public use. The last case was one in which the city authorities of St. Louis seized and destroyed a gaming table without a judicial hearing, etc. Many of the other cases cited by appellants' counsel were condemnation proceedings, and have no analogy to this case, nor is the reasoning of the courts therein applicable in the argument of the question before us.

We have, in repeated decisions, held that it is the duty of incorporated cities to keep their streets and sidewalks in a condition reasonably safe for public use, and that, to one injured in consequence of a neglect of this duty, the city was liable in damages. This duty of the city is imperative, and if she is bound to wait until, after reasonable notice to the property abutting upon the sidewalk, he fails to make the repairs, before she can proceed to put the sidewalk in a safe condition for the use of the public, would it be a defence to the city that she had notified the owner to do the work, and that the time allowed him to do it had not expired? Has such a defence ever been made, or sustained, in such an action, or has any court ever instructed that that would exempt the city from liability to one injured within the time allowed the owner to make the repairs, after notice given? The property owner is not deprived of a hearing. He has, by the ordinance, the right, when sued on the tax bill, to show that it is for more than the work is worth. That the work was not done in a workmanlike manner, that before the commencement of the suit on the tax bill he tendered to the contractor, or holder of the bill, the full value of the work done, and

if he establish the fact on the trial the recovery shall only be for the amount tendered.

General taxes are levied without any previous notice to the owner of the property assessed, but he is given a day in court, on appeal; and yet, his property may be sold for taxes, so levied. In the repairing of the sidewalk his abutting property is not taken. It cannot be sold to satisfy the tax bill, until a judgment is obtained against the owner, in a regular judicial proceeding, in which the owner of the property may make all the defences hereinafter specified. The city is proprietor of the streets, including the sidewalks, for the use of the public. The duty of keeping them in repair is, by law, devolved upon the city which is authorized to do it at the expense of the proprietor, who has knowledge that the city may, by law, make the repairs. He has notice that this may be done by the city whenever the sidewalk, upon which his property abuts, needs repair. He can only be compelled to pay what the work is worth, and his obligation to pay for the requisite repairs is not disputed, but only that he should be notified, and have the opportunity to have it done himself. When the sidewalk is out of repair, he knows it as well as the city officials, and if he wants to repair it himself, what is to hinder him from doing it?

The case of the *City of St. Louis v. Richeson*, 76 Mo. 470, was a proceeding to assess property holders, in a certain district, with benefits to their property derived from the opening of a street. The assessment was made without any previous notice to the owners of the property assessed, and the court held, in a suit on a tax bill against one whose property had been assessed, that the fact that no previous notice was given to the owner did not invalidate the assessment. That when summoned to answer the suit on the tax bill, he could make any defence which he could have made in the original proceeding, if he had had notice and been authorized to

appear before the commissioners in the first instance. That he had his day in court. See, also, *People v. Supervisors*, 70 N. Y. 235. That was a well considered case and we think the opinion of the court, delivered by our brother Ray, an able and satisfactory disposition of the question therein involved, and decisive of this case. A great deal might be, and has been, written on both sides of the question, and I confess my inability to reconcile the authorities on the subject, and when we find the law in that condition, we can do no better than to adhere to what our own court has decided.

The judgment is affirmed. All concur.