Milo H. Aldredge v. School District No. 16, of Payne County, Oklahoma.

(Filed Feb. 8, 1901.)

1. Private Property—*Condemnation of—Notice.* When private property is proposed to be taken for public use in proceedings in condemnation therefor, under the right of eminent domain, the owner is entitled to notice, in order that he may be present at the proceedings and protect his rights, and such notice is essential to the regularity of the proceedings in which his property is taken for public use.

2. Notice—*Must Be Provided For.* When the legislature prescribes a mode by which private property may be taken for a public use, notice of the proceedings for condemnation must be provided for to be given to the party whose property is taken, or injuriously affected, in order that he may have an opportunity to be present and protect his rights, and in order to ascertain the proper measure of compensation to which he is entitled. If such notice is not provided for, the law is void.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, District Judge.*

*Uhl & Miller,* for plaintiff in error.

*Rob't A. Lowry,* for defendant in error.

STATEMENT OF THE CASE.

This was an action brought in the district court of Payne county, to recover the use and possession of certain lots of ground within the corporate limits of Stillwater, which the plaintiff, who is the plaintiff in error here, averred that the defendant unlawfully withheld and detained from the plaintiff, and which were the property of the plaintiff.

It was set up as a defense that the defendant was an incorporated school district; that it required ground upon

which to erect a new school house; that the residents and legal voters of the defendant school district had directed the officers of the district to procure the lots in question for the purpose of the erection of the said building, and for school purposes, and that, in pursuance of said direction, the officers of the school district had initiated proceedings to have the property condemned for said purposes, under sec. 5776 of the Statutes of Oklahoma, 1893; that appraisers had been properly appointed, had estimated the value of property, and that the sum of money, the amount of the appraised value thereof, had been deposited with the county treasurer in compliance with the statute for the benefit of the owner of the lots.    The defendant district had thereupon proceeded to take possession of the lots, and appropriate them for the uses specified.

Aldredge was a non-resident, and had no notice of the proceedings for condemnation.    The case was tried to the court, without a  jury,  the  condemnation  proceedings were sustained, as regular, and judgment was in behalf of the plaintiff for the sum of ten dollars, for the use of the lots, this part of the judgment having been rendered in compliance with an offer made on the part of the defendant and accepted by the plaintiff at the time of trial to confess judgment therefor, and as to the use of the property the court affirmed the regularity of the condemnation proceedings and rendered judgment against the plaintiff for costs.

Opinion of the court by

McATEE, J.:    Aldredge testified at the trial that he had never "received any notice from the defendant school district No. 16, or any person on its behalf, that said school

district had or would institute proceedings to condemn the title to said lots in the second question described for a school site." There was no evidence contradicting this testimony, and the plaintiff offered evidence to show that "no notice was published," by which the plaintiff could be constructively notified of the pendency of the condemnation proceedings. The court held such notice immaterial.

We think this was error.

It is provided in sec. 5 of the amendments to the constitution of the United States, that no person shall "be deprived of life, liberty or property without due process of law." The section of the statute, sec. 5776, which provides "How to condemn a school site" does not specifically state that the person whose property shall be condemned shall be notified of the condemnation proceedings. The provision is that:

"Either party, the owner of the land or lot condemned, or the school district, may appeal from such appraisement to the district court, in the same manner that appeals are taken from the judgment of justices of the peace in civil action."

We think that if the section should be understood to deny the right of the land owner in such condemnation proceedings to notice that such proceedings were pending, that the legislative enactment would be, to that extent, unconstitutional and void. But a better interpretation of the statute is that it was not the intention of the legislators that the proceedings under the statute should be taken without notice to the land owner.

It was held in *Westervelt v. Gregg*, 12 N. Y. 209, that due process of law undoubtedly means, in the due course of legal proceedings, according to those rules and forms

which have been established for the protection of private rights.

And in the *Bank of Columbia v. Okely*, 4 Wheat. 244, it was said by the supreme court of the United States, that as to the words which Magna Charta incorporated in the constitution of Maryland "after volumes spoken and written with a view to their exposition, the good sense of mankind has at length settled down to this—that they were intended to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private rights and distributive justice."

It has uniformly been held that the words "due process of law" mean the common and the statute law existing at the time of the adoption of the constitution, and we do not think it can be sustained that the property of the private citizen may be taken and appropriated in condemnation proceedings under the right of eminent domain without notice, which was the uniform accompaniment of any proceeding under the common law or statute law at that time, for the appropriation of private property. And we think that in any proceeding in which the public authorities undertake to appropriate the land of another in an *ex parte* way and without notice, the proceeding must be held to be void. (*Sharp v. Mil. R. Co.*, 6 Wis. 605; *Powers v. Bears*, 20 Wis. 220.)

We think, therefore, that the necessity of notice to the land holder is implied in the statute. (*Baltimore Belt R. Co. v. Baltzell*, 75 Md. 94, 51 A. & E. R. R. Cas. 669.)

It has been held with almost entire uniformity, that the land owner is entitled to notice, in order that he may be present at the proceeding and protect his rights, and

that such notice is essential to the regularity of the proceedings in which his property is taken for the public use. (*Dickey v. Tennison*, 27 Mo. 373; *Patten v. Weightman*, 51 Mo. 432; *Moses v. St. Louis Sectional Dock Co.* 84 Mo. 242; *Atlantic, etc., R. Co. v. Cumberland Co.* 51 Me. 36; *Ryder v. Horsting*, 130 Ind. 104; *Central Turnpike Corp.*, 71 Pick. [Mass.] 13; *Curran v. Shattuck*, 24 Cal. 427; *In re N. Y. etc., R. R. Co.*, 62 Barb. 85.)

It was said in *Boonville v. Ormrod*, 26 Mo. 193, that "the constitution may not require notice to be given of the taking of private property for public use, yet the legislature prescribes a mode by which private property may be taken for such a purpose, we will, out of respect to it, suppose that it did not contemplate a violation of that great rule recognized and enforced in all civil governments, that no one shall be injuriously affected in his rights by a judgment or decree resulting from a proceeding of which he has no notice and against which he could make no defense."

It was said in *Windsor v. McVeigh*, 93 U. S. 274, Field, J., that:

"The jurisdiction acquired by the seizure is, not to pass upon the question of forfeiture absolutely, but to pass upon that question after opportunity has been offered to its owner and parties interested, to appear and be heard upon the treaties. * * * Such notification is usually given by monition, public proclamation, or publication in some other form. The manner of the notification is immaterial, but the notification itself is indispensable."

It was said in *Neeld's Road Case*, 1st Pa. St. 353, that:

"The law abhors all *ex parte* proceedings without notice. Notice in this case to the owners of property was absolutely necessary. To take a man's property and assess his damages without notice of it, is repugnant to

every principle of justice, and such a proceeding is utterly void."

It is said in the 7th Encyclopaedia of Pleading & Practice, page 485, that:

"The better opinion is that in every proceeding affecting the property of individuals, the owners of the property affected are entitled to notice of the proceeding, although not directed by the statute under which the proceeding is had." (*Peoria, etc., R. Co. v. Warner,* 61 Ill. 52; *Tracy v. Hutchinson,* 10 Me. 335; *Com. v. Paters,* 3 Mass. 229.)

It was said in *People v. Tallman,* 36 Barber, 222, that:

"Independent of anything in the statute, no proceeding affecting judicially the right of another, occuring in his absence, without notice, can be valid."

In *Huling et ux. v. Kaw Val. Ry. & Imp. Co.* 130 U. S. 559, it was said by the supreme court of the United States, Miller, J., that:

"The owner of real estate, who is a non-resident of the state within which the property lies, cannot evade the duties and obligations which the law imposes upon him in regard to such property by his absence from the state. Because he cannot be reached by some process of the courts of the state, which, of course, have no efficacy beyond their own borders, he cannot therefore, hold his property exempt from the liabilities, duties and obligations which the state has a right to impose upon such property; and in such cases some substituted form of notice has always been held to be a sufficient warning to the owner of the proceedings which are being taken under the authority of the state to subject his property to those demands and obligations; otherwise the burdens of taxation, and the liability of such property to be taken under the power of eminent domain, would be useless in regard to a very large amount of property in every state of the Union."

Aldredge v. School District No. 16.

We conclude that, since the record does not show that any notice was given to the plaintiff, of the condemnation proceedings proposed by the defendant for the appropriation of his land; because the evidence affirmatively shows that no such notice was given or received; because due process of law requires in condemnation, as in other proceedings, that notice to the owner, either actual or constructive, shall be given before any proceeding for the appropriation of his land under the right of eminent domain, can be valid; and because the provision that an appeal may be taken to the district court, implies the necessity of notice to the owner, in order that he may appear and defend and protect his rights, that the condemnation proceedings taken in this case were void from the beginning, and that the judgment of the district court should have been for the plaintiff. The cause will be remanded with the direction to the district court to reverse its ruling, and to find for the plaintiff, in accordance with these views.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.