LACIK *et al.* v. COLORADO, T. & M. RY. Co. *et al.*

No. 330.    Opinion Filed December 7, 1909.

(105 Pac. 655.)

EMINENT DOMAIN—Procedure—Notice on Opposite Party—Jurisdiction.    The notice required to be served upon the opposite party by section 1041 (chapter 18, art. 9, sec. 112), Wilson's Rev. & Ann St. 1903, is insufficient, where it is neither signed by the party nor by its officer, agent, or attorney as such.

(a)    The notice required is prerequisite to the jurisdiction of the court in such action.

(b)    The proceedings under such pretended notice are void.

(Syllabus by the Court.)

*Error from District Court, Greer County; C. F. Irwin, Judge.*

Proceedings by the Colorado, Texas & Mexico Railway Company and others against C. Lacik and others. From a judgment, Lacik and others bring error. Reversed and remanded.

*J. A. Powers,* for plaintiffs in error.—Citing: *Demelt v. Leonard,* 19 How. Prac. (N. Y.) 182; *Rogers v. Hoskins,* 14 Ga. 166; *Colo. Fuel & Iron Co. v. Railway Co.* (Colo.) 66 Pac. 902; *Aldredge v. School Dist.,* 10 Okla. 694.

*Stewart & Robinson,* for defendants in error.

WILLIAMS, J.    Section 1041 (chapter 18, art. 9, § 112) Wilson's Rev. & Ann. St. 1903, provides for the condemnation of real property for railway right of way purposes, "after ten days' notice to the opposite party, either by personal service or by leaving a copy thereof at his usual place of residence or in case of his nonresidence in the territory, by such publication in a newspaper as the judge may order." In the case at bar, the pretended notice, served by the sheriff, neither purported to be signed by the railroad company, nor any of its officers, agents, or attorneys as such. The sole question to be determined here is as to whether or not such paper constituted any notice. Proceedings in eminent domain are special, and the statutory requirements must be strictly complied with. *Colo. Fuel & Iron Co. v. Four Mile Ry. Co.,* 29 Colo. 90, 66 Pac. 902; 15 Cyc. pp. 575, 576; 10 Amer. & Eng. Enc. of Law (2d Ed.) p. 1054, and authorities cited in foot-note 3. Notice to the owner of the realty of the proposed condemnation is essential to the validity of the taking. *Aldredge v. School Dist. No. 16,* 10 Okla. 694, 65 Pac. 96. The unsigned statement or memoranda, served upon the owners of the land sought to be condemned, was not a notice. *Rogers et al. v. Hoskins,* 14 Ga. 166; *Eaton v. Supervisors of Manitowoc County,* 42 Wis. 317. The vice in the condemnation proceedings is not merely an irregularity, but relates to substance, in that it did not constitute a notice, which was essential to the acquiring of jurisdiction by the court. 15 Cyc. 921; 17 Amer. & Eng. Enc. of Law (2d Ed.) p. 1068. It follows that the condemnation proceedings were void; the court not having jurisdiction on account of a total lack of the service of such notice as required by law.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.