## BRUNER *et al.* v. FT. SMITH & W. R. CO.

No. 1920. Opinion Filed October 23, 1912.

(127 Pac. 700.)

**EMINENT DOMAIN—Proceedings to Take Property—Notice to Owners—"All Persons Interested."** Where, in a suit for 160 acres of land, defendant disclaims as to all but 49 acres thereof, to which it sets up title in virtue of alleged condemnation proceedings pursuant to act of Congress approved February 28, 1902 (Act Feb. 28, 1902, c. 134, 32 St. at L. 43), which requires notice by the referees "to all persons interested," and where the notice given is "to all persons having any claim or any interest in said described premises of whatsoever kind or nature," without naming the plaintiffs who were conceded to be the owners thereof, held, that said notice was void and conferred no jurisdiction on the court, and that, too, although the judgment approving the report of the referees recited that they "gave notice in the manner as provided by law."

(Syllabus by the Court.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by Benjamin F. Bruner and another against the Ft. Smith & Western Railroad Company. Judgment for defendant, and plaintiffs bring error. Reversed and remanded for new trial.

*J. A. Baker* and *W. T. Banks,* for plaintiffs in error.

*C. E. & H. P. Warner* and *John B. Patterson,* for defendant in error.

TURNER, C. J. On November 18, 1908, the plaintiff in error, Benjamin F. Bruner, and Ellen N. Bruner, his wife, in the district court of Okfuskee county, sued the Ft. Smith & Western Railroad Company, defendant in error, in ejectment to recover the possession of the S. W. ¼ of section 15, township 12 N., range 7 E., in that county. For answer defendant disclaimed as to all the land but 49 acres, as to which it set up title by virtue of certain condemnation proceedings in the United States Court for the Indian Territory, Western District, sitting at Muskogee. All parties in interest concede that the 160 acres sued for was the allotment of Floyd McKindly Bruner, and that plaintiffs are the owners thereof as heirs at law of him, and were up to the time of the entry of the judgment of the court approving the report of the referee therein. The judgment is assailed collaterally, and the only question for us to determine is whether the record in evidence in that proceeding discloses the same to be void on its face. In peremptorily instructing the jury at the close of all the testimony to find for defendant, the court held that it was not, but we think the court erred therein. Said condemnation proceeding was prosecuted under an act entitled "An act to grant the right of way through the Oklahoma Territory and the Indian Territory to the Enid & Anadarko Railway Company, and for other purposes." After providing for the appointment of referees to assess the damages, section 15 provides that:

"Before such referees shall proceed with the assessment of damages for any right of way or other land condemned under this

act, twenty days' notice of the time when the same shall be con-demned shall be given to all persons interested, by publication in some newspapers," etc.

In attempting to comply with said requirement in said pro-ceeding defendant, after the appointment and qualification of referee pursuant to the prayer of its petition, published the fol-lowing:

"Notice. In the United States Court for the Indian Terri-tory in the Western District at Muskogee. In the matter of con-demnation of a part of the S. W: ¼ of Sec. 15, T. 12, N. R. 7 E. Ind. M. by the Ft. Smith and Western Railroad Company, for railroad purposes. Notice is hereby given, that the under-signed referees duly appointed in the above entitled condemnation proceeding, will on the 28th day of Nov., '07, on the premises in question, proceed to assess the damages and make an award thereof, for the taking by the Ft. Smith and Western R. R. Co., the following described property for turn outs, side tracks and switches, to wit: [describing it.] The said award will be made between the hours of ten o'clock a. m. and two o'clock p. m. of said day, and all persons having any claim or any interest in said described premises of whatsoever kind or nature may at the time above mentioned appear before the undersigned referees, and be heard, if they so desire, touching their interest in the property and the damages to be awarded for the taking thereof. Given under our hands this 1st day of November, 1907. [Signed] J. L. Coons, Geo. A. Newman, J. W. Woods, Referees."

This is contended by plaintiffs in error to be void, because, they say, that, when the statute said that notice "shall be given to all parties interested," it meant that notice by naming such persons herein was intended, and that notice generally to "all per-sons having any claim or interest in said described premises of whatsoever kind or nature" to appear at the time mentioned was insufficient and that said notice is void. The point is well taken.

In *Lacik et al. v. Colorado, T. & M. Ry. Co. et al.*, 25 Okla. 282, 105 Pac. 655, we said:

"Proceedings in eminent domain are special, and the stat-utory requirements must be strictly complied with. *Colo. Fuel & Iron Co. v. Four Mile Ry. Co.*, 29 Colo. 90, 66 Pac. 902; 15 Cyc. pp. 575, 576; 10 Am. & Eng. Enc. of Law (2d Ed.) p. 1054, and authorities cited in footnote 3. Notice to the owner of the realty of the proposed condemnation is essential to the validity

of the taking. *Aldredge v. School Dist. No. 16,* 10 Okla. 694, 65 Pac. 96."

In 2 Lewis, Eminent Domain, p. 578, it is said:

"Where the statute required notice to certain persons or classes of persons, as to the owners, occupants, persons interested, etc., it should be addressed to each of said persons by name in order to be binding"

—citing *Chicago & Alton R. Co. v. Smith,* 78 Ill. 96; *Birge v. Chicago, Mil. & St. P. R. Co.,* 65 Iowa, 440, 21 N. W. 767; *Warwick Institution for Saving v. Providence,* 12 R. I. 144.

In *Warwick Institution, etc., v. Providence, supra,* Flagg and wife, being the owners of certain real estate on a certain street in Providence, executed a mortgage thereof. Subsequently the city proposed under a certain act to widen the street by adding to it a strip of land taking some of it from the mortgaged property. Complainant, being a deficiency creditor after foreclosing his mortgage upon that part of the tract not condemned, filed his bill to foreclose upon that part of the strip taken to widen the street, claiming that, inasmuch as it was not notified or made a party to the proceedings, the same were void to the extent of its interest. The court said:

"We think the complainant is entitled to a decree of foreclosure. The act under which the street was widened requires the commissioners of estimate and assessment, before making their estimate and assessment, to give notice thereof to all persons interested in the land required, by publication in two newspapers. Such a notice was published, omitting, however, the name of the complainant. The act also directs the commissioners in making report to set forth the names of persons interested in lands taken or assessed, designating their respective lots, with the loss and damage, benefit, and advantage to each. The complainant was not named, it had no damages awarded to it, and, not being named, it did not receive notices from the city clerk and the Supreme Court, as required by the act. The proceeding was too defective in these particulars to bind the complainant. The record does not show any legal condemnation of its interest. The case is essentially the same as *Pettis v. City of Providence,* 11 R. I. 372."

And so we will hold, notwithstanding the judgment of the court approving the report of the referees recites that notice

was given by them as provided by law.  This for the reason that said jurisdictional finding is disputed by another part of the record, which is the notice itself.  This is in keeping with the general rule.  17 Am. & Eng. En. of Law, 1081, lays it down thus:

"If a superior court of general jurisdiction expressly finds the existence of the jurisdictional facts, or they otherwise appear of record, they are conclusively established thereby, and cannot be questioned in a collateral proceeding.  This is in accordance with the general rule that the record of a court imports such absolute verity that no person is allowed to contradict it in a collateral proceeding.  But a finding of the court on the question of jurisdiction is not conclusive where the record itself shows that the finding is not true, because it is also a rule in regard to the effect of records as evidence that one part of a record may be impeached by another part"—and cases cited.

See, also, *Cloud v. Inhabitants of Pierce City,* 86 Mo. 359; *Harris v. Hardeman et al.,* 14 How. 334, 14 L. Ed. 444; *Harris v. Lester et al.,* 80 Ill. 307.

This view of the case renders it unnecessary to determine whether the proceeding is void for the alleged reason that the petition fails to set forth the fact of a failure to make amicable settlement with plaintiffs prior to the institution thereof.

The cause is reversed and remanded for a new trial.

All the Justices concur.