FREDERICK OLAND *vs.* THE AGRICULTURAL INSUR-
ANCE COMPANY OF WATERTOWN, NEW YORK.

*Foreign Insurance Companies—Service of Process—Acts of*
*1868, ch. 471, sec. 211, and 1878, ch. 106, sec. 30—Appeal.*

The whole subject-matter of the service of process on foreign in-
surance companies licensed to do business in this State, when
sued in our Courts, is regulated by the provision contained in
section 30 of the Act of 1878, chap. 106; and such provision is
exclusive in its nature; and the provision of the General In-
corporation Act of 1868, ch. 471, sec. 211, authorizing service of
process upon any agent of a foreign corporation doing business
in this State, does not apply to foreign Insurance Companies
licensed to do business in this State.

No appeal lies from an order quashing the sheriff's return of service
of process.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE,
MILLER, and BRYAN, J.

*Charles V. S. Levy,* and *John C. Motter,* for the appel-
lant.

*Wm. P. Maulsby, Jr.,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This action was brought by a citizen of this State
against the appellee, an insurance company incorporated
under the law of the State of New York, but licensed
and doing business in this State. The case has never
been brought to trial in the Court below; but upon a
summons issued out of the Circuit Court, and directed

to the sheriff of the county, that officer made this return: "Served on Edgar B. Freeman, agent of the Agricultural Insurance Company, of Watertown, New York. Luther C. Derr, sh'ff"; and which return was quashed by the Court. A summons was also directed and sent by mail to the general agent or attorney of the company, residing in the City of Baltimore, specially appointed to receive service of process against the company; but whether such summons was ever received by such agent or attorney was a controverted fact in the case. The appellee, by its attorney, entered a special appearance in the case for the purpose of objecting to the sufficiency of the service of process; and it was upon objection, made under such appearance, that the sheriff's return was quashed. It is from the order of Court quashing the return that this appeal is taken.

On the part of the appellant it is insisted, that the service of the summons by the sheriff on Freeman, the local agent, was a sufficient service of process to bind the appellee, under the general incorporation law of this State, of 1868, chap. 471, sec. 211, which provides for service of process on corporations not incorporated by the laws of this State, but which do business in this State. This general incorporation law authorizes the service of process upon any agent of a foreign corporation; and in case of service of process on an agent, not an officer of the corporation, "notice of such process shall be left at the *principal* office of said corporation, if there be such office in this State," etc. It does not appear that there was any such principal office of the company in the State; and if this provision of the general incorporation law applies to the case of a foreign insurance company, licensed by, and actually doing business in, this State, then the service of process on Freeman, the local agent, would seem to have been

sufficient.    But it is confidently insisted on the part of
the appellee that this provision of the general incorpo-
ration law does not apply to a foreign insurance com-
pany licensed to do business in this State; as the whole
subject-matter of the regulation of, and mode of serving
process on, foreign insurance companies, doing business
in this State, is specially and exclusively provided for
by the Act of 1878, chap. 106.    By that Act the In-
surance Department of the State is established, and
certain terms and conditions are prescribed upon which
foreign insurance companies are allowed to do business
in this State.    They are required to pay heavy license
fees for the privilege of doing business here; and among
the conditions precedent prescribed, by section 30 of
the Act, is one that they shall file with the Insurance
Commissioner "a power of attorney appointing a citizen
of this State, resident within this State, *the* agent or
attorney for the company upon whom process of law can
be served: there must also be filed with the Insurance
Commissioner a certified copy of the vote or resolution
of the directors appointing such attorney, which ap-
pointment shall continue until another attorney be
substituted.    And said writing or power of attorney
shall stipulate and agree on the part of the company
making the same, that any lawful process against
said company which is served on such agent, shall be
of the same legal force and validity as if served on such
company within this State; and also, that in case of the
death or absence of the attorney so appointed, service
of process may be made upon the Insurance Commis-
sioner of this State ; and such power of attorney can-
not be revoked or modified (except that a new one may
be substituted), so long as any policy or liability re-
mains outstanding against such company in this State.
The term 'process,' used herein, shall be held and
deemed to include any writ, summons or order whereby

any action, suit or proceeding shall be commenced, or which shall be issued in or upon any action, suit or proceeding by any Court, officer, or magistrate." And, by section 36 of the Act, a penalty is imposed for the non-compliance with, or violation of, any of the provisions of the Act; and then it is declared, that "any Act or part of an Act inconsistent with the provisions of this Act, be and the same is hereby repealed."

It is shown that the appellee, before the institution of this action, had fully complied with the terms and conditions of the statute, and by power of attorney, duly executed and filed with the Insurance Commissioner, had appointed D. A. Clarke, Esq., of Baltimore City, its agent or attorney, upon whom all legal process might be served, as provided by the statute; and that power remains unrevoked, and Mr. Clarke continues to be the agent or attorney of the company specially appointed to receive service of process against the company, as required by law. Mr. Freeman, upon whom the summons was served by the sheriff, was a mere local soliciting agent, and was never authorized to receive service of process to bind the company.

It is clear, we think, that the provision in the Act of 1878, ch. 106, to which we have referred, regulates the whole subject-matter of the service of process on foreign insurance companies licensed to do business in this State, when sued in our Courts; and that such provision is exclusive in its nature, as no foreign insurance company is allowed to do business in this State, except upon compliance with the terms of the statute. The appointment of the agent or attorney to receive service of process is one of the essential and important terms and conditions upon which such companies are allowed to do business here; and good faith requires that the attorney thus selected and appointed for the purpose shall be served, and not a mere local agent who

would likely know little or nothing of the matter of the suit. In the absence of the agent or attorney to receive service of process, the statute provides that such process may be served on the Insurance Commissioner to bind the company; and thus provision is made to meet all contingencies. We are therefore of opinion that the Court below was quite right in quashing the return of service upon the local agent.

We have thus expressed our opinion upon this subject to remove the doubt that seems to have existed in regard to an important matter of practice; but there has been no such judgment rendered in this case as would justify an appeal. The case against the appellee is still pending in the Court below, and the process may be renewed and properly served in accordance with the provision of the statute to which we have referred. The appeal must therefore be dismissed.

*Appeal dismissed.*

(Decided 13th June, 1888.)