J. C. JONES v. THE CHICAGO BUILDING AND MANUFACTUR-
ING COMPANY.

(Filed Feb. 8, 1901.)

1. VENUE—*Change of—Does Not Lie, When.* A change of venue will not lie from a justice of the peace to a probate court, or from a probate court to a justice of the peace, in a civil action, even though the amount involved is within the jurisdiction of a justice of the peace.

2. JURISDICTION—*Waiver of.* Where a court has no jurisdiction over the particular cause or of the person of the defendant, and the defendant appears specially for the purpose of calling attention of the court to such irregularities, and the court thereupon overruled his motion to such jurisdiction, he may save his exception, file his answer, and proceed to trial without waiving such error; and he may take advantage of such error on appeal to a higher court.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, District Judge.*

*Lowry & Workman,* for plaintiff in error.

*P. P. Hillerman,* for defendant in error.

STATEMENT OF THE CASE.

This was an action brought before a justice of the peace by the Chicago Building and Manufacturing company, to recover from Jones the amount of his subscription for the construction of a creamery. Jones applied for a change of venue, and thereupon the case was sent to the probate court, by the justice of the peace. Jones made a special appearance in the probate court, for the purpose

of moving to dismiss the cause, for the reason that there was no provision of law by which cases might be transferred from the justice court to the probate court. The motion was overruled and exception reserved, and thereupon Jones answered in the case, which was tried upon a statement of facts, and judgment rendered for the plaintiff. Thereupon Jones appealed to the district court, and again submitted his motion to dismiss the cause, for want of jurisdiction, which was again overruled.

Opinion of the court by

McATEE, J.: Section 4718 of the Code of Civil Procedure provides that, upon the filing of the affidavit for a change of venue, "such cause shall be transferred for trial before some other justice of the peace of the same township."

And it is here contended that since the probate judge is not a justice of the peace, so, neither is his court in any sense a justice's court.

It is provided in sec. 1563 of the statutes of 1893, that:

"In all cases commenced in said probate courts that are within the jurisdiction of justices' courts, the practice and proceedings and pleadings both before and after judgment, provided for in the justice's procedure of the Territory shall be applicable to the practice, pleadings and proceedings in said probate courts."

It is the contention here that the probate court, notwithstanding these acts, still remains a "probate court," and that its presiding officer is still a "probate judge," and not a justice of the peace, and that the statute providing for the removal of cases specifies that the cause shall be transferred before some other "justice of the peace." And that the statute relating to removal of causes to some other justice of the peace does not cover and include

and provide for the removal of a case from a justice of the peace to the probate court, there being no other statutory authority therefor, than that in "all cases commenced in said probate courts, which are within the jurisdiction of justice's courts, the practice and proceedings shall be the same as in the justice's procedure."

The probate court held otherwise, and its ruling was sustained in the district court. The points involved have been sufficiently discussed in *The Chicago Building & Mfg. Co. v. Pewthers*, handed down at this term. It was in that case determined by the court, that, a change of venue will not lie from a justice of the peace to a probate court or from a probate court to a justice of the peace in a civil action, even though the amount involved is within the jurisdiction of a justice of the peace, and that, where a court has no jurisdiction over the particular cause or of the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities and the court thereupon overrules his motion to such jurisdiction, he may save his exception, file his answer and proceed to trial without waiving such error, and he may take advantage of such error on appeal to a higher court. And these propositions are decisive of this case. The motion to dismiss for want of jurisdiction should have been sustained.

The judgment of the trial court is reversed.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.