THE BES LINE CONSTRUCTION CO., v. WILLIAM SCHMIDT.

(Filed February 14, 1906.)

1. SERVICE OF SUMMONS—Foreign Corporation. Where a foreign corporation other than a railroad or stage company has complied with the provisions of Art. 23, chap. 18, Wilson's Annotated Statutes, and appointed an agent in this Territory for service of process, with his office and principal place of business at an accessible point in the Territory, service of process must be made upon such agent.

2. SAME. Where a foreign corporation, other than a railroad or stage company, has complied with the provisions of art. 23, chap. 18, Wilson's Annotated Statutes, and has appointed an agent in this Territory for service of process with his office and principal place of business at an accessible point in the Territory, service of summons in an action against such corporation is irirregular when made upon any other person.

3. SAME—Special Appearance—Motion to Quash. Where service of summons is irregular, and a motion to quash and vacate the same has been made, overruled, and exceptions saved, the point is not waived by the defendant afterward pleading to the merits of the case.

(Syllabus by the Court.)

*Error from the Probate Court of Comanche County; before W. Hennessey, Trial Judge.*

*Dale & Bierer,* and *Charles C. Black,* for plaintiff in error.

*W. C. Stevens.* and *Sims & Wolverton,* for defendant in error.

Opinion of the court by

PANCOAST, J.:   This was an action brought by the defendant in error against the plaintiff in error, in the probate

court of Comanche county, for damages. The plaintiff in error, defendant below, is a foreign corporation, organized under the laws of the state of Missouri.

The first error assigned and argued in the brief of plaintiff in error arises upon a motion to quash the services of summons. Summons was issued on February 5, 1903, and served upon G. A. Lightner, who is designated in the return as a general ticket and freight agent at the town of Frederick, Oklahoma. The evidence seems to be quite conclusive, however, that Lightner was not, at the time of the alleged service, the agent of the Bes Line Construction Company, but was the agent of the Blackwell, Enid & Southwestern Railway Company.

The evidence shows that plaintiff in error was a construction company, and constructed for the Blackwell, Enid & Southwestern Railway Company what is known as the Bes Line of railroad, which was completed and turned over to the railway company by the construction company some time in January, prior to the institution of this action.

The evidence also discloses that Ed. L. Peckham had been appointed and designated by the plaintiff in error as its agent for service of process against said corporation, with his residence, office and principal place of business at Blackwell, in Kay County, Oklahoma.

The defendant below made a special appearance, and moved to quash and vacate the service of summons, setting up that the Bes Line Construction Company was a foreign corporation, and that Peckham was its duly appointed and authorized agent for service of process, and that service of

summons could only be made upon the agent Peckham, and that the service made upon G. A. Lightner, designated as the general ticket and freight agent of the railway company, was erroneous and void.

The defendant in error insists first, that if there was error in overruling the motion to quash and set aside such service, that the same was waived by appearance at the trial upon the merits, after the overruling of the motion; and second, that the service was regular, legal and valid.

The contention of plaintiff in error is that service of process in actions against foreign corporations can only be made in the manner provided by article 23, chapter 18, of Wilson's Annotated Statutes, when an agent has been appointed to receive service as provided in such article. The first section of this article provides that no corporation created or organized under the laws of any other state or territory shall transact any business within this Territory, or acquire, hold or dispose of property, real, personal or mixed within this Territory, until such corporation shall have filed in the office of the secretary of the Territory a duly authenticated copy of its charter or articles of incorporation, and shall have complied with the provisions of the article. The third section provides:

"Such corporation shall appoint an agent, who shall reside at some accessible point in this Territory, in the county where the principal business of said corporation shall be carried on, or at some place in said Territory, if such corporation has no principal place of business herein, duly authorized to accept service of process, and upon whom service of process may be made in any action in which said corporation may be

a party; and that any such action may be brought in the county where such agent resides, or in any county in which the business, or any part of it, out of which said action arose, was transacted; and service upon such agent shall be taken and held as due service upon such corporation. A duly authenticated copy of the appointment or commission of such agent shall be filed and recorded in the office of the secretary of the Territory, and register of deeds of the county where said agent resides, and a certified copy thereof by the secretary or register of deeds shall be conclusive evidence of the appointment and authority of such agent."

This last section was passed February 20, 1901, and amended section 1169 of the Statutes of 1893.

The defendant in error contends that the method provided for in said section is not exclusive, and that other provisions for service have been made by other sections of the statutes, viz: 4270, 4271, 4272, 4273, and 4274, of Wilson's Annotated Statutes. The first three sections referred to provide for service of summons when the action is against a railroad or stage company or corporation, and provide for the appointment and designation of some person to accept and receive service. The third section provides that where service of process cannot be made upon the person designated by such company or corporation personally, service may be made by leaving a copy at the residence. The last section, 4274, provides that where the defendant is a foreign corporation, having a managing agent in this Territory, the service may be made upon such agent. Section 4269 provides for the appointment of some designated person residing in each county in which the railroad or stage line may or does run, or in which its business is transacted.

It is contended by the defendant in error that it was the duty, under the law, of the plaintiff in error to appoint and designate some person in each county upon whom service could be made, and that the company having failed to designate any person for Comanche county, service could be made in the manner in which it was made in this case.

It will be noticed that these provisions of law with reference to service are those provided for service against railway and stage companies or corporations, and do not include foreign corporations generally. The 1901 law provides specifically the manner in which service shall be made upon foreign corporations, and does not require that such foreign corporations shall appoint more than one agent, but provides that such appointment shall be an agent who shall reside at some accessible point in the Territory, and in the county where the principal business of the corporation is carried on.

Other states have similar laws, and in the case of *Oakland v. Agricultural Insurance Co.,* (Md) 14 Atl. 669, it was held that this provision for service of process was one of the essential and important terms and conditons upon which such companies were allowed to do business there, and that good faith required that the persons so selected and appointed for the purpose should be served, and not the local agent, who would be likely to know little or nothing of the suit. In the case of *Baile v. Equitable Fire Ins. Co.,* 68 Mo. 617, it was held that a similar law providing for the appointment of an attorney for the foreign corporation, upon whom service of process could be made, had superseded the general law, providing for service upon corporations; and in the case of *Stone v. Travellers' Ins. Co.,* 78 Mo. 655, the law was

again upheld, the court holding that the mode of suing a foreign insurance company, not domesticated there by reason of having its chief office or principal place of business in that state, as provided by such section of the insurance law, is exclusive of all other modes of service.

From a careful investigation of these statutes, it would seem that the legislature by this last act intended to provide that some person should be designated upon whom the service of process could be made in actions against foreign corporations, and that service of process should be made upon such persons.

The plaintiff in error in this case is not a railway or stage corporation. It is purely a construction company; and while it was engaged in the business of constructing a railroad, that did not make it a railway corporation. The evidence abundantly shows that it was not engaged in the business of a railway corporation, but that when the road was completed, it was turned over to the company for which it was being constructed, which thereafter operated it.

The various authorities cited by counsel for defendant in error are not in point here, as they refer to service upon railway corporations, and the question presented in those cases is not the question presented here. We are of the opinion that this statute was not intended to be cumulative, but that it is the only provision for service of process upon foreign corporations, other than that upon railroads, stage lines, *etc.,* mentioned in the general provisions of the statute for service of process.

Having arrived at this conclusion, it necessarily follows that the service in this case must be held irregular, and that the motion to quash should have been sustained.

As to the contention that even if the service was erroneous, the question was waived by counsel appearing, filing an answer and going to trial, counsel are also in error. In *J. C. Jones v. The Chicago Bldg. & Mfg. Co.,* 10 Okla. 628, it was held that:

"Where a court has no jurisdiction over a particular cause or of the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities, and the court thereupon overruled his motion to such jurisdiction, he may save his exception, file his answer and proceed to trial without waiving such error, and he may take advantage of such error on appeal to the higher court."

The same rule was laid down in the case of the *Chicago Bldg. & Mfg. Co. v. J. Pewters Id.,* 724:

This question being decisive of this case, it becomes unnecessary to consider other alleged errors. The court below should have sustained the motion to quash the service.

The judgment of the trial court is therefore reversed, and it is ordered that the case be remanded to the probate court of Comanche county, with direction to vacate the judgment, sustain the motion to quash, and set aside and vacate the service of summons.

All the Justices concurring.