## WATERS PIERCE OIL CO. v. FOSTER.

No. 5129.    Opinion Filed November 16, 1915.

(153 Pac. 169.)

1. **CORPORATIONS—Foreign Corporations—Action Against—Service of Process—Agent.** Article 23, chapter 18, Wilson's Statutes, which includes section 1336, Rev. Laws 1910, provides that "every foreign corporation shall before * * * authorized or permitted to transact business * * * therein, if already established, by its certificate under the hand of the president and seal of the company, appoint an agent who shall be a citizen of the state and reside at the state capital, upon whom service of process may be made in any action in which said corporation snall be a party; and action may be brought in any county in

which the cause of action arose, * ʺ * and service upon said agent shall be taken and held as due service upon said corporation." **Held,** that where a foreign corporation, other than a railroad, stage company, or insurance company has complied with the provisions of this statute, and appointed an agent in this state for the service of process, in compliance with the provisions of said statute, service of process must be made on such agent; and **held,** further, that where such corporation has appointed a service agent as provided in the foregoing statute, service of summons in an action brought against said corporation, upon the agent or manager of a local business of said corporation not at the capital of the state, is not sufficient service, and does not give the court jurisdiction of the cause of action.

2. **SAME—"Managing Agent."** The term "managing agent," as used in section 4274, Wilson's Statutes of Oklahoma 1903, Ann., which provides that, "where the defendant is a foreign corporation, having a managing agent in this state, service may be had on such agent," means an agent whose agency extends to all the transactions of the corporation within the state, one who has or is engaged in the management of the business of the corporation, in distinction from the management of a local or particular branch or department of said business.

(Syllabus by Robberts, C.)

*Error from District Court, Bryan County;*
*Jesse M. Hatchett, Judge.*

Action by Millie P. Foster against the Waters Pierce Oil Company. Judgment for plaintiff, and defendant brings error. Reversed.

*Kyle & Newman* and *Burwell Crockett & Johnson,* for plaintiff in error.

*Utterback & Hayes,* for defendant in error.

Opinion by ROBBERTS, C. This is an action for personal injuries, caused, as plaintiff alleges, by an effort on her part in protecting two of her grandchildren from a vicious horse belonging to defendant, which horse, she alleges, attacked her and her grandchildren in the streets of Durant, Okla.

The pertinent allegations of her petition are that, when returning to her home from town, having said children in a small cart or wagon drawn by hand, in the public streets of said city, near the plant of defendant, she and said children were attacked by a loose horse belonging to the defendant, said horse pawing and kicking at said children in the wagon, and—

"in fighting the horse away from them she threw her right shoulder out of place, which gave her great pain and trouble, thereby confining her to her bed for three weeks the first time, and disabled her from performing her usual household duties, and that said injury was permanent and incurable, and that she was damaged thereby in the sum of $2,000, and that said injury and damages were caused by reason of the negligence of the defendant company and its employees, in that the said company owned the horse which caused the injury, and another horse which have been kept and pampered and are submissive when traveling together, but when turned loose or separated are vicious, cruel, and unmanageable, all of which was known to defendant, its agents and employees; but notwithstanding said facts the superintendent or manager of the said plant at Durant instructed one of the employees, to wit, ——— Barnett, to take one of said horses to the blacksmith shop to be shod; that on the way back from the shop the said horse in his vicious and uncontrollable manner broke loose from the said Barnett on the public streets of said city, and attacked the said plaintiff and her grandchildren, and it was only through her efforts that they were rescued from the said animal and prevented from being injured.

"Plaintiff shows to the court that it was negligence of the defendant and its employees to separate the said horses and take the said animal which caused the injury upon the streets and highways of the city, where it was known that people were traveling, and would be sub-

jected to the dangers of said animal, without providing suitable bits with which to handle and control him; that the said Barnett, the agent of the said defendant, was negligent in taking the said horse away from the other horse, and was especially negligent in permitting the said horse to get loose upon the streets and highways where people were known to be traveling; and that but for the want of care and negligence of the said defendant, its agents and employees, the plaintiff would not have received the injuries of which she complains; that the same were received by her through the negligence of the said defendant, its agent and employees, and by no want of care on her part."

Plaintiff prays for judgment for $2,000 and costs.

The return of the officer shows that the summons was served upon W. C. Cox, the managing agent of defendant at Durant, Okla., at the place of business of defendant in said city. Defendant made special appearance and moved to quash the service of summons, for the reason that the same was not served upon defendant as required by law, and in support of said motion defendant attached thereto an affidavit of one Harry C. Lindner, stating that at the time of service of said summons he was the duly appointed, qualified, and acting agent of the defendant for service of summons and other process within the State of Oklahoma, and had been ever since the 11th day of January, 1911. This action is based on alleged injuries which are claimed to have taken place on November 12, 1911. Attached to this motion is also the certificate of appointment of said Lindner, which is as follows:

"This is to certify that the Waters Pierce Oil Company, a corporation organized and existing under the laws of the State of Missouri, with an authorized capital

stock of four hundred thousand dollars, and having its chief office or place of business at the city of St. Louis in said state, has appointed, and does hereby appoint Henry C. Lindner its agent at Oklahoma City, Oklahoma, upon whom service of process may be made in any action in which the said Waters Pierce Oil Company may be a party, in accordance with the provisions of chapter 10, article 1, of the Oklahoma Session Laws of 1909; and the said Waters Pierce Oil Company also states that its principal place of business in the said state is at the said Oklahoma City, and the said Henry C. Lindner is its resident agent therein, and resides at 714 East Sixth street in said Oklahoma City. In witness whereof, said Waters Pierce Oil Company has caused its name to be subscribed hereto by Clay Arthur Pierce, its president, and its corporate seal to be hereto affixed at the said city of St. Louis, State of Missouri, this the 11th day of January, 1911."

The motion to quash was overruled and exceptions preserved. Trial was had, judgment for plaintiff, and defendant brings error. This presents the question of whether the service on what is known as the service agent of a foreign corporation is exclusive.

It is tacitly conceded that the defendant is a foreign corporation, with its principal place of business in the city of St. Louis, Mo., and its principal place of business for Oklahoma in the city of Oklahoma City, in said state. Also that the only service of summons was had on said W. C. Cox, the managing agent of defendant at Durant, Okla. The statutes of Oklahoma applicable herein are sections 1336 and 1337, Rev. Laws 1910, which read as follows:

"Every foreign corporation shall, before it shall be authorized or permitted to transact business in this state or continue business therein, if already established, by

its certificate under the hand of the president and seal of the company, appoint an agent who shall be a citizen of the state and reside at the state capital, upon whom service of process may be made in any action in which said corporation shall be a party; and action may be brought in any county in which the cause of action arose, as now provided by law. Service upon said agent shall be taken and held as due service upon said corporation; and such certificate shall also state the principal place of business of such corporation in this state, with the address of the resident agent.

"A duly authenticated copy of the appointment and commission of such agent shall be filed and recorded in the office of the Secretary of State, for which a fee therefor of one dollar shall be paid to the secretary and a like fee of one dollar for each subsequent appointment of any agent so filed. A certified copy of the appointment of said agent under the hand and seal of the Secretary of State shall be sufficient evidence of the appointment of said agent in any court  *  *  *."

These sections of the statute were in force during all the times mentioned herein and are applicable to the case. Section 1336 was later amended by providing that "the agent on whom service may be made shall reside at the capital," instead of "at some accessible place." Section 1 of the act of 1911 (Session Laws 1910-11, page 46) provides that suit may be brought against a foreign corporation in any county where the plaintiff resides, or where the corporation has its principal place of business, or has property, or in any county where said corporation has an agent appointed upon whom service of process may be had; and section 2 of the same act provides that, in case such foreign corporation fails to appoint any service agent, then service may be made upon the Secretary of State. This would seem to

14—52

indicate that it was not the intention to recede from the original provision requiring service to be had upon the special agent appointed for that purpose.

Counsel for plaintiff (below) contends that service upon the agent of defendant (W. C. Cox) was sufficient to acquire jurisdiction for the reason that he was the "local manager" of the business at Durant, and in support of that contention they cite that section of the statute which provides:

"Where the defendant is a foreign corporation having a managing agent in this state, service may be had on such agent."

This is a general section found under the head or title "Commencement of Civil Actions," in the Code of Civil Procedure, and is long since superseded by the special acts on the subject; besides, the phrase "managing agent in the state" is too broad to include an ordinary agent in charge of a local business such as the one involved, located in the town of Durant.

The phrase "managing agent," referred to in the statutes authorizing service in the state of summons or other process, is defined as follows:

"The term 'managing agent' in the Code, authorizing service in the state of summons upon the managing agent of a foreign corporation, means an agent 'whose agency extends to all the transactions of the corporation; one who has or is engaged in the management of the corporation, in distinction from the management of a particular branch or department of its business.' "

"A 'managing agent' must be some person vested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an

inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it."

The case relied on by counsel for plaintiff, *Continental Ins. Co. v. Hull*, 38 Okla. 307, 132 Pac. 657, is an insurance case, and the rule in such cases is special and different from the general rule involved herein, and therefore is in no way applicable. This is an ordinary action for tort to recover damages for alleged personal injuries. The record shows that the defendant had a regular service agent appointed at the time.

The case of *Bes Line Const. Co. v. Schmidt*, 16 Okla. 429, 85 Pac. 711, is the leading and controlling case in this state on this subject. The first paragraph of the syllabus in that case is as follows:

"Where a foreign corporation other than a railroad or stage company has complied with the provisions of article 23, c. 18, Wilson's Ann. Statutes (section 1336, Rev. Laws 1910), and appointed an agent in this territory for service of process, with his office and principal place of business at an accessible point in the territory (who shall be a resident of the state and reside at the state capital), service of process must be made upon such agent."

In the body of the opinion in *Bes Line Const. Co. v. Schmidt, supra,* the court says:

"The defendant in error contends that the method provided for in said section is not exclusive, and that other provisions for service have been made by other sections of the statutes, viz. 4270, 4271, 4272, 4273 and 4274 of Wilson's Annotated Statutes. The first three sections referred to provide for service of summons when the action is against a railroad or stage company or corporation, and provide for the appointment and

designation of some person to accept and receive service. The third section provides that, where service of process cannot be made upon the person designated by such company or corporation personally, service may be made by leaving a copy at the residence. The last section, 4274, provides that, where the defendant is a foreign corporation having a managing agent in this territory, the service may be made upon such agent. Section 4269 provides for the appointment of some designated person residing in each county in which the railroad or stage line may or does run, or in which its business is transacted.

"It is contended by the defendant in error that it was the duty, under the law, of the plaintiff in error to appoint and designate some person in each county upon whom service could be made, and that, the company having failed to designate any person for Comanche county, service could be made in the manner in which it was made in this case. It will be noticed that these provisions of law with reference to service are those provided for service against railway and stage companies or corporations, and do not include foreign corporations generally. The 1901 law provides specifically the manner in which service shall be made upon foreign corporations, and does not require that such foreign corporations shall appoint more than one agent, but provides that such appointment shall be an agent who shall reside at some accessible point in the territory, and in the county where the principal business of the corporation is carried on.

"Other states have similar laws, and in the case of *Oland v. Agricultural Insurance Co.* (69 Md. 248), 14 Atl. 669, it was held that this provision for service of process was one of the essential and important terms and conditions upon which such companies were allowed to do business there, and that good faith required that the persons so selected and appointed for the purpose should be served, and not the local agent, who would be

likely to know little or nothing of the suit. In the case of *Baile v. Equitable Fire Ins. Co.*, 68 Mo. 617, it was held that a similar law providing for the appointment of an attorney for the foreign corporation, upon whom service of process could be made, had superseded the general law, providing for service upon corporations; and in the case of *Stone v. Travelers' Ins. Co.*, 78 Mo. 655, the law was again upheld; the court holding that the mode of suing a foreign insurance company, not domesticated there by reason of having its chief office or principal place of business in that state, as provided by such section of the insurance law, is exclusive of all other modes of service.

"From a careful investigation of these statutes, it would seem that the Legislature by this last act intended to provide that some person should be designated upon whom the service of process could be made in actions against foreign corporations, and that service of process should be made upon such persons."

We are fully satisfied that service by summons upon the local agent at Durant did not give jurisdiction to the court, and therefore the case should be reversed.

By the Court: It is so ordered.