## MID-CONTINENT PETROLEUM CORP. v. LUCAS.

No. 18194. Opinion Filed Feb. 4, 1930.

Commissioners' Opinion, Division No. 2.

J. C. Denton, J. H. Crocker, R. H. Wills, and I. L. Lockewitz, for plaintiff in error.

Prentiss E. Rowe, for defendant in error.

JEFFREY, C. This proceeding was commenced by R. L. Lucas, as plaintiff, against the Mid-Continent Petroleum Corporation,

as defendant, in the district court of Pawnee county. The action was in the nature of a condemnation proceeding for the assessment of damages alleged to have been caused by the defendant to plaintiff's interest in 160 acres of land. The land in question is public school land, and the fee thereof is owned by the state of Oklahoma. In July, 1918, the Commissioners of the Land Office executed and delivered to E. W. Marland and the Cosden Oil & Gas Company an oil and gas lease covering the land in question. In January, 1921, said commissioners executed and delivered to plaintiff an agricultural and grazing lease on the same land. Plaintiff's agricultural lease expired January, 1926, at which time he obtained a new lease for an additional period of five years. The agricultural lease is what is commonly known as a preference right lease. It grants to the lessee a preference right to release the land and also to purchase it outright, whenever it may be offered for sale. The lease also gives lessee authority at the expiration thereof to remove all improvements placed on the land. The lease reserves, however, to the state of Oklahoma, its lessees, or grantees the right to explore, drill, and operate for oil and gas and the right of ingress and egress for such purposes.

In August, 1924, E. W. Marland and the Cosden Oil & Gas Company entered into possession of their said lease and commenced to drill for oil and gas. In February, 1925, the Cosden Oil & Gas Company, with the consent of the state of Oklahoma, assigned all of its interest in the oil and gas lease to the defendant, Mid-Continent Petroleum Corporation. Thereafter, defendant drilled a number of wells and placed various equipment on said lease. The oil and gas lease provides that the lessee shall be liable to the surface owner or surface lessee for all damages or loss accruing to the surface interests in such lands, and to any improvements and crops located upon said land by reason of oil and gas mining operations upon the land, as provided by sections 9420 and 9429, C. O. S. 1921.

On January 30th, plaintiff filed his petition alleging that he was owner of the school land agricultural lease, including the improvements on the land; that the defendant, as successor to the Cosden Oil & Gas Company, was the owner of an oil and gas lease on said land; that said defendant had entered upon and drilled seven or more oil and gas wells, had erected tanks, slush ponds, laid various lines, constructed several houses, pipe racks, and roads over and upon

said land, and had appropriated the same to its own use. Plaintiff further alleged that he had been unable to agree with the owner of the oil and gas interest therein upon the damage and loss sustained by him, and prayed that three disinterested freeholders of said county be appointed to inspect the real property, improvements, crops and appurtenances thereunto belonging and consider the injury and assess the damage and loss sustained by plaintiff. Thereafter, notice was issued and served upon an official of defendant company reciting that at a time fixed plaintiff would apply to the district court for the appointment of three freeholders to assess the damage. On April 12, 1926, the court made an order appointing such commissioners, and directing them to assess the damages as prayed. On May 7, 1926, the Commissioners filed in the cause their report, in which they assessed the damages in the sum of $3,375. On June 4, 1926, defendant filed a motion to set aside the order appointing commissioners and to set aside the commissioners' report. This motion was overruled, and defendant filed a demand for a jury trial. The cause came on for trial before a jury on the 25th day of June, 1926, at which time defendant objected to the introduction of any evidence, which objection was overruled. At the conclusion of the trial, the jury returned a verdict in plaintiff's favor for the sum of $1,500. A motion for new trial having been overruled, defendant has appealed to this court.

The proceeding is based upon section 9421, C. O. S. 1921, which is as follows:

"Should the lessee or owner of the surface interest and the lessee of the oil and gas interest specified in this article be unable to agree upon the damage and loss sustained by such surface lessee or owner by such lessee of the oil and gas interests therein, the latter may condemn the same for such purpose under the law of eminent domain to like extent and in the same manner and upon the same procedure and remedies as is provided for the assessment of damages and compensation to the owner of the fee in case of condemnation for railway purposes."

Under appropriate assignments of error. defendant contends that it was not legally notified of the presentation of plaintiff's application for the appointment of commissioners to assess and determine the damages alleged to have been sustained by him. After the report of the commissioners had been returned and filed, the defendant appeared specifically, and moved to vacate and set aside the order appointing commissioners and the report of the commissioners on the

ground that the court had no jurisdiction of the defendant, jurisdiction of the subject-matter, or of the cause, or to grant the relief sought. The motion further recites that the defendant was a foreign corporation organized and existing under and by virtue of the laws of the state of Delaware, and that it was not legally or otherwise notified of the appointment. At the hearing on the motion, it was stipulated by counsel for the parties that defendant was a Delaware corporation, and that at all times during 1926 it had a duly designated service agent as required by law. The motion was overruled, and defendant excepted. The proceeding was begun on the 30th day of January, 1926, and on the first day of February, 1926, the notice provided by section 5501 was served upon Charles Klein, the treasurer of the defendant in Tulsa county, Okla. The notice gave sufficient time within which defendant could appear, but it is the manner in which the notice was served and the person upon which it was served that is objected to. Section 5501, which provides the procedure in such cases, requires that ten days' notice to the opposite party be given, either by personal service or by leaving a copy thereof at his usual place of residence with some member of his family over fifteen years of age, or in case of his nonresidence in the state, by such publication in a newspaper as the judge may order. But there is no provision made in connection with condemnation proceedings as to the manner of serving a foreign corporation. Notice to the opposite party of time and place of the appointment of the commissioners or freeholders to assess the damages is jurisdictional, and must be given, or else such appointment and proceedings thereafter had are void. Aldredge v. School District No. 16 of Payne County, 10 Okla. 694, 65 Pac. 96; Lacik v. Colorado, T. & M. Ry. Co., 25 Okla. 282, 105 Pac. 655..

In 20 C. J. 737, it is stated:

"Where the statute relative to condemnation proceedings does not provide the manner in which notice shall be served, the service should be made according to the provisions of the general statutes in regard to notice in judicial proceedings."

In the case of Chicago, S. F. & C. Ry. Co. v. Swan (Mo.) 25 S. W. 535, the Supreme Court of Missouri considered and decided this question. The special statute providing the procedure in case of condemnation did not provide the manner of giving notice. On this question the court said:

"It is quite evident, we think, from the insufficiency of this special statute to meet and provide for all questions that may arise in condemnation proceedings, and to protect and enforce the rights of the parties thereto, that it was only intended to supplement the general practice act, by making provisions for such matters, only, as were regarded by the Legislature as being required by the corporation, in order to secure a speedy and effective appropriation, and to properly protect the property owners. No complete and independent system of procedure was intended. So it has been held in numerous instances that, in matters for which no special provisions are made, the general code of practice should be applied. * * *"

Section 5433, C. O. S. 1921, provides that every foreign corporation shall, before authorized to transact business in this state, appoint an agent, who shall be a citizen of the state and reside at the state capital, upon whom service of process may be made in any action in which said corporation shall be a party. Said section further provides that service upon said agent shall be hel as due service upon the corporation when issued out of an action brought in any county in which the cause of action arose as provided by law. This court has held, in substance, that where a foreign corporation, other than a railroad, stage company, or insurance company, has appointed an agent to receive process as required by law, process must be served upon such agent; and that service not so made is not sufficient and does not give the court jurisdiction. Waters Pierce Oil Co. v. Foster, 52 Okla. 412, 153 Pac. 169; Bes Line Const. Co. v. Schmidt, 16 Okla. 429, 85 Pac. 711. We conclude that the notice should have been served upon the agent appointed to receive service as required by law, and that the service made was not authorized nor recognized by law, and that the court was without jurisdiction to proceed further without the giving of valid notice as required by law.

Counsel for plaintiff asserts that counsel for defendant made a sufficient appearance in the cause at the time the application for the appointment of freeholders was presented for hearing to constitute a waiver of notice as required by law. However, we are of the opinion that the record does not show an appearance.

Having decided that the trial court never obtained jurisdiction of the defendant, the remaining questions are not proper subjects of inquiry on this appeal.

The judgment of the trial court is reversed, and the cause remanded, with directions to sustain defendant's motion to set aside the

order of the court appointing commissioners to assess the damage, and the report of the commissioners, for the reason that no valid service of the notice was had upon defendant, and for such other legal proceedings as may be desired not inconsistent with this opinion.

BENNETT, DIFFENDAFFER, HERR, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Eminent Domain," 20 C. J. 848, p. 937, n. 15.