J. F. SMITH, Inc., v. SEXTON.

No. 30164. Sept. 16, 1941.

*116 P. 2d 993.*

I. C. Saunders and Harris Van Wagner, both of Shawnee, for plaintiff in error.

R. H. Mills, of Konawa, and Weston & Sims, of Seminole, for defendant in error.

GIBSON, J. This action was commenced in justice court by defendant in error against plaintiff in error to recover damages to real property. Judgment was rendered for plaintiff, and defendant appealed to county court by way of petition in error and bill of exceptions for a review of questions of law. Sections 981-983, O. S. 1931, 39 Okla. Stat. Ann. §§ 214-216. The latter court sustained plaintiff's motion to dismiss the appeal, and defendant appeals here.

Certain property allegedly belonging to defendant, a foreign corporation, was taken under attachment in justice court and released under a forthcoming bond executed on behalf of defendant by one of its employees.

Subsequently, defendant appeared specially and moved to quash service of summons on the ground that no service was had on any agent, employee, or other person authorized to accept service for defendant. In support of the motion it was shown that defendant had a service agent, resident of Oklahoma City, duly appointed as provided by law, and that service of summons was not attempted on said agent, but only on an ordinary employee of defendant.

The court overruled the motion, and, on trial of the cause, rendered judgment for plaintiff.

The bill of exceptions assigned as error, among others, the action of the justice in overruling the motion to quash.

Plaintiff moved to dismiss the appeal in county court, alleging that defendant by filing the forthcoming bond and receiving the property had waived service and entered a general appearance, and the motion was sustained as aforesaid.

The authorities cited by defendant seem to support its contention that no legal service of summons was had upon it. Plaintiff offers no contrary argument or authority on the question.

The rule with reference to the giving of bond as constituting a general appearance in cases of this character is stated in 4 C. J. 1331, sec. 25, as follows:

"The giving of a bond operating as a discharge or dissolution of an attachment or garnishment operates as an appearance converting the action from one in rem into one in personam. But by the weight of authority the giving of a mere replevy or forthcoming bond which does not operate as a dissolution of the attachment is not a general appearance. . . ."

The bond in this case did not operate as a discharge or dissolution of the attachment. The obligation as expressed therein was "that the said property or its appraised value in money shall be forthcoming to answer the judgment of the said court in said action." It was executed pursuant to section 890, O. S. 1931, 39 Okla. Stat. Ann. § 326, which requires that the bond be so conditioned. The bond does not purport to discharge the attachment; neither does the statute require the bond for that purpose. It was merely a forthcoming bond, and did not change the character of the action from one in rem to one in personam, but left the action standing as one in rem with the obligation on plaintiff to secure service of summons as required by law.

This court has not heretofore passed on this question, but it has held that the giving of a bond by defendant to discharge a garnishment, conditioned to pay any judgment rendered against defendant, constitutes a general appearance to the action, and converts it from an action in rem to one in personam. Bishop-Babcock-Becker Co. v. Hyde, 61 Okla. 250, 161 P. 172. However, the bond in that case, executed pursuant to the requirements of section 631, O. S. 1931, 12 Okla. Stat. Ann. § 1188, obligated defendant to pay the judgment, not to return the property or its equivalent in money to the court to be applied on the judgment. And section 632, O. S. 1931, 12 Okla. Stat. Ann. § 1189, provides that after the giving of such bond "all the garnishees shall be discharged, and the garnishment proceedings shall be deemed discontinued." This clearly operated to discontinue the garnishment proceedings. The bond in such case is not a forthcoming bond but a dissolving bond. Such is the distinction. If the bond requires the defendant to answer to the judgment of the court, it constitutes a general appearance; if it is merely a forthcoming bond, obligating defendant to return the property or its money value into court, the same is not a general appearance.

This question is fully discussed and the distinction between the two types of bonds clearly drawn in Bell Oil & Gas Co. v. Freedom Oil Works Co., 299 Fed. (D. C.) 818. There the court was considering a forthcoming bond in attachment given pursuant to the provisions of section 609, O. S. 1931, 12 Okla. Stat. Ann. § 1160. That section is identical with section 890, supra, under which the present bond was executed, except the latter section is made to apply specifically to attachment in justice court, while the former is a general statute applying to attachment in all courts. In that case the court held as follows:

"The giving of a forthcoming bond by a defendant in attachment, under Comp. St. Okla. 1921, sec. 352, conditioned for delivery of the attached property to answer the judgment of the court, does not effect a discharge of the

attachment, and does not operate as a general appearance."

The summons and service thereof should have been quashed on defendant's motion. The county court erred, therefore, in holding that the defendant had entered a general appearance.

The judgment is reversed and the cause remanded, with directions to proceed in accordance with views herein expressed.

WELCH, C. J., and BAYLESS, HURST, and ARNOLD, JJ., concur.