MID-CONTINENT PETROLEUM CORP. v. BREWER.

No. 35087.   Oct. 7, 1952.

*248 P. 2d 1039.*

David H. Sanders, Tulsa, and R. A. Wilkerson, Pryor, for plaintiff in error.

Riley Q. Hunt, Jay, for defendant in error.

BINGAMAN, J. This action was brought in the district court of Delaware county, by plaintiff, E. R. Brewer, administrator of the estate of George Brewer, deceased, against defendant, Mid-Continent Petroleum Corporation, for damages for wrongful death and destruction of a dwelling house by fire. The petition alleged that the defendant was a corporation organized and existing under the laws of Kentucky, but domesticated in Oklahoma. Summons was issued to the sheriff of Tulsa county and served upon the defendant by delivering a certified copy to Chas. Klein, he being the treasurer of the defendant corporation. The return of the sheriff of Tulsa county reads as follows:

"Received this writ this 3rd day of December, 1949, and served same on Mid-Continent Petroleum Corporation defendant, by delivering a copy thereof with all endorsements thereon, duly certified by me to be a true copy thereof to Chas. Klein in Tulsa County, on the 5th day of December, 1949, he being treasurer of the defendant corporation designated in said county upon whom summons can be served, 'Treasurer said defendant corporation being found in said county.'

"No other officer be found.

"Geo. H. Blaine, Sheriff
"Tulsa County, Oklahoma,
"By/s/W. Martin, Deputy."

Defendant filed a motion to quash the service, and at a hearing on the motion produced evidence of the appointment of an agent for the service of process in the state, which evidence was not controverted. The trial court overruled the motion to quash. The cause was tried to a jury which returned a verdict for plaintiff. Defendant appeals.

Defendant's first contention is that the trial court erred in overruling its special appearance and motion to quash, and in holding that service of summons on the treasurer of the defendant, a foreign corporation, was valid when the defendant had a duly appointed and acting agent for service residing in the capital city of the state, as required by law. In support of this contention it cites Bes Line Construction Co. v. Schmidt, 16 Okla. 429, 85 P. 711; Waters-Pierce Oil Co. v. Foster, 52 Okla. 412, 153 P. 169, and Mid-Continent Petroleum Corporation v. Lucas, 141 Okla. 199, 284 P. 631. It contends that although 18 O.S. 1941 §452, providing for service of process upon an agent appointed by the foreign corporation, has been superseded by 18 O.S. 1951 §1.17, the same rule applies, and that service upon such agent is the exclusive method of service under the provisions of 18 O..S. 1951 §1.17.

Plaintiff, on the other hand, contends that the method of service provided for in 18 O. S. 1951 §1.17 is merely cumulative and does not render the provisions of 12 O.S. 1941 §163 inapplicable, but that either method of service may be followed, both upon foreign and domestic corporations. He asserts that under the provisions of 12 O. S. 1941 §163, the service upon the treasurer of the company was valid and conferred jurisdiction upon the trial court.

It is unnecessary, as .we view the case, for us to determine whether the method provided in the Business Corporation Act, 18 O.S. 1951 §1.1 et seq., for the service of process upon domestic and foreign corporations is cumulative so that service may be had either under·the provisions of that law or under 12 O.S. 1951 §163, by a party suing a foreign corporation in the courts of this state. This, for the reason that we consider that the service of process in this case does not comply with the requirements of 12 O.S. 1951 §163. That section reads as follows:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer or upon an agent duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

It is to be noted that the return made by the sheriff of Tulsa county, showing service of summons in the instant case, negatives the making of any effort by the plaintiff to obtain service upon the state agent admittedly appointed by and acting for defendant. It is also to be noted that in section 163, such agent is made one of the members of the first class of persons designated in said section, upon whom summons may be served.

In *Kansas-Oklahoma & Gulf R. Co. v. Hill*, 186 Okla. 531, 99 P. 2d 115, we said:

"The statute has divided the officers, agents and employees into two classes, and service upon one class is primary to service upon the other, and before service had upon those of the second class can give the courts jurisdiction it must appear affirmatively, by recitation, that service could not be had upon those persons embraced in the first class, on account of the existence of the causes for which the statute authorizes service upon the persons embraced in the second class. The statute undoubtedly contemplates that an attempt must first be made to obtain service upon the first class provided for, before resorting to service upon the persons embraced in the second class. St. Louis & S. F. Ry. Co. v. Reed, 59 Okla. 95, 158 P. 399."

While that case involved service upon the agent of a railway company whom the law required the railway company to designate in each county in which its railroad line might run, the principle announced applies to the instant case, since it holds that service upon the second class of persons specified in the law is not valid unless it is shown that service could not be had upon those designated in the first class.

In Kelley v. Travelers Indemnity Co., 199 Okla. 151, 184 P. 2d 759, we held that the method of service provided by 36 O.S. 1941 § 101a, was cumulative, and that service upon an insurance company could also be had under sec. 163, supra. In that case, quoting with approval from Kansas - Oklahoma & Gulf R. Co. v. Hill, supra, we held that the return of the sheriff of the county in which the process was served, showing that no agent had been appointed to receive service of process "in said county", was not sufficient to authorize him to serve the summons on a person in the secondary group, since the return did not show that it was impossible to serve the summons upon an agent duly appointed to receive service of process, which was necessary to au-

thorize service upon one of the second group enumerated in section 163.

These decisions are controlling in the instant case. Plaintiff points out that the return of summons shows that it was actually served on a person designated in said county upon whom summons can be served, but we know of no provision of law authorizing foreign corporations similar to defendant, an oil company, to appoint an agent for the service of process in any county other than Oklahoma county, since the law provides that such agent shall be a resident of the capital city.

Defendant duly saved its exception to the ruling of the trial court on the motion and did not ask for affirmative relief. It therefore did not enter a general appearance or waive its objection to the invalid service. Southwestern Surety Ins. Co. v. Walser, 77 Okla. 240, 188 P. 335; Public Finance Co. v. Jump, 192 Okla. 368, 136 P. 2d 706; Mobley v. State, 198 Okla. 250, 177 P. 2d 503.

It follows that the trial court erred in overruling defendant's motion to quash service and return of summons.

Reversed and remanded.

HALLEY, V.C.J., and CORN, DAVISON, and O'NEAL, JJ., concur. ARNOLD, C.J., and GIBSON and JOHNSON, JJ., dissent.