**DENISON PEANUT CO. v. MOSS.**
No. 34880.

Supreme Court of Oklahoma.
Oct. 13, 1953.

Gullett & Gullett, Denison, Tex., Paul & McPheron, Durant, for plaintiff in error.

Sam Y. Colby, Madill, W. L. Steger, Durant, for defendant in error.

JOHNSON, Vice Chief Justice.

Alton Moss was plaintiff and Denison Peanut Company was defendant in the trial court and they will be so referred to herein.

Plaintiff filed suit against the defendant in the District Court of Bryan County, Oklahoma for actual damages in the sum of $310.38 for selling him seed peanuts of inferior and worthless quality, and for $150 punitive damages. From a jury's verdict for plaintiff for $310.38, and judgment based thereon, defendant appeals. Four specifications of error are asserted, among which is that the service of summons on defendant is totally defective because not issued, served and returned as provided by law.

Other alleged errors relate to merits of the cause and it is deemed unnecessary to consider them herein.

The record discloses that when the peanuts were sold to the defendant and the suit was brought against the Denison Peanut Company, it was a Texas Corporation and was domesticated under the laws of Oklahoma with J. J. Bernard, 24th Floor of Biltmore Hotel, Oklahoma City, Oklahoma as its service agent. The summons in question was issued and delivered to the sheriff of Bryan County, Oklahoma, directing him to serve "the manager of the Durant Store" and return was made showing that the Denison Peanut Company was served by delivering a copy thereof to Frank Benedict, manager in charge of the Durant, Oklahoma store. Motion to quash this purported summons and the service thereof was made allegedly for the reason that the same was not issued, served and returned as provided by law.

The defendant's motion to quash was proper, timely and sufficient to attack the sufficiency of the service, and where, as in the instant case, the defendant did not thereafter ask for affirmative relief, a judgment of the trial court based upon such service will be reversed on appeal. Mid-Continent Petroleum Co. v. Brewer, Okl. Sup., 248 P.2d 1039. As noted in that case, so it is herein, the return made by the sheriff of Bryan County, showing service of summons on the manager of the Durant Store, negatives the making of any effort by the plaintiff to obtain service upon the state agent admittedly appointed by and acting for the defendant. In the Brewer case, supra, we held that under the provisions of 12 O.S.1951, § 163, a summons against a corporation is ineffective when served on the cashier, treasurer, secretary, clerk or managing agent, or left at its office or usual place of business with the person in charge, unless it is impossible to serve it upon its president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly and legally appointed to receive service of process.

The record further discloses that the defendant saved its exception to the ruling of the trial court on its motion and did not ask for affirmative relief. It therefore did not enter a general appearance or waive its objection to the invalid service. It follows that the trial court erred in overruling defendant's motion to quash service and return of summons, Brewer case, supra.

Reversed and remanded.

HALLEY, C. J., and CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.

ARNOLD, J., dissents.