**MAGNOLIA PETROLEUM COMPANY,**
Plaintiff in Error,

v.

**EVANS LUMBER COMPANY,**
Defendant in Error.

No. 38227.

Supreme Court of Oklahoma.

May 10, 1960.

S. M. Groom, Jr., Oklahoma City, Charles B. Wallace, R. T. Wilkinson, Jr., Frank C. Bolton, Jr., John Marlow, Dallas, Tex., Robert W. Richards, Oklahoma City, of counsel, for plaintiff in error.

Richard James, Stroud, for defendant in error.

WELCH, Justice.

This is an appeal by Magnolia Petroleum Company, garnishee below, from an adverse judgment in the district court of Lincoln County, Oklahoma. Judgment in the principal action was entered on the pleadings, without trial, against the principal defendant who is not a party to this appeal. The appeal is from the judgment in the garnishment proceedings only.

The plaintiff in error will be referred to as "Magnolia" and the defendant in error will be referred to as "plaintiff."

On the same date petition was filed plaintiff instituted garnishment proceeding. Garnishee summons to Magnolia was issued by the clerk and due return made by the sheriff, showing same to have been served by leaving a true and certified copy of the garnishee summons, with all endorsements thereon, with H. H. Woods, referred to as "the person having charge thereof," on the third day of June, 1957, the President, Chairman of the Board of Directors, or cashier, treasurer-secretary, clerk or managing agent of said corporation not being found in the county.

The first proposition argued by Magnolia is that the trial court erred in overruling its motion to quash garnishment summons. It contends that service was void in that it fails to comply with Title 12 O.S.1951 §§ 1173 and 163.

The pertinent part of section 1173 provides:

"Upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, * *".

Section 163 provides:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer or upon an agent duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

Title 18, Sec. 1.17 O.S.1951, provides in part as follows:

"Every corporation shall have and continuously maintain in this State a registered agent, on whom service of summons may be had. In the case of a domestic corporation, such agent may be an individual, resident of this State, whose business address is identical with the registered office of each domestic corporation, and in the case of a foreign or domesticated corporation, such registered agent shall be a resident of the capitol city. * * *"

The plaintiff has cited several authorities in support of his argument, however, all of the cases cited are as to domestic corporations. It is his contention that there is no distinction, although these cases pertain to domestic corporations, and "Magnolia" is a foreign corporation, and that Sec. 163, Title 12 O.S.1951, applies to all corporations and there does not appear any good reason why there should be a distinction between a domestic corporation and a foreign corporation. He cites Continental Insurance Company v. Hull, 38 Okl. 307, 132 P. 657, and Kelley v. Travelers Indemnity Company, et al., 199 Okl. 151, 184 P.2d 759, 760, as holding the various methods provided by the statute for obtaining service on foreign corporations are cumulative.

It is true that the Hull case, supra, so held, however, in a subsequent case, the Kelley case, supra, also cited by plaintiff, we had this to say concerning the Hull case.

"In holding that 'the various methods provided by statute for obtaining service of process on foreign corporations are cumulative' (Continental Ins. Co. v. Hull, 38 Okl. 307, 132 P. 657), this court further said, with reference to sec. 101a, Title 36 O.S.1941, supra: 'It is somewhat similar to the provisions with reference to service upon railroad corporations.'"

The Kelley case, supra, held:

"Although the various methods provided by the statute for obtaining service on foreign corporations are cumulative, yet, under provisions of 12 O.S. 1941, § 163 a summons against a corporation is ineffective when served on the cashier, treasurer, secretary, clerk or managing agent, or left at its office or usual place of business with the person in charge, unless it is im-

possible to serve it upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly and legally appointed to receive service of process."

In the case of Bes Line Construction Company v. Schmidt, 16 Okl. 429, 85 P. 711, we held:

"Where a foreign corporation, other than a railroad or stage company, has complied with the provisions of article 23, c. 18, Wilson's Ann.St.1903, and has appointed an agent in this territory for service or process, with his office and principal place of business at an accessible point in the territory, service of summons in an action against such corporation is irregular when made upon any other person."

In Waters Pierce Oil Co. v. Foster, 52 Okl. 412, 153 P. 169, we held:

" * * * That where a foreign corporation, other than a railroad, stage company, or insurance company has complied with the provisions of this statute, and appointed an agent in this state for service of process, in compliance with the provisions of said statute, service of process must be made upon such agent. * * *"

The court further held in this case:

"The term 'managing agent,' as used in section 4274, Wilson's Statute of Oklahoma 1903, Ann., which provides that, 'where the defendant is a foreign corporation, having a managing agent in this state, service may be had on such agent,' means an agent whose agency extends to all the transactions of the corporation within the state, one who has or is engaged in the management of the business of the corporation, in distinction from the management of a local or particular branch or department of said business."

Also see Mid-Continent Petroleum Corporation v. Lucas, 141 Okl. 199, 284 P. 631, and J. F. Smith, Inc., v. Sexton, 189 Okl. 334, 116 P.2d 993.

We cannot agree with the plaintiff that there is not a distinction between a foreign corporation and a domestic corporation so far as process is concerned, in view of the above authorities.

We are of the view there is a distinction and rightly so. Title 18, Sec. 1.17 O.S.1951, provides that domestic corporations shall maintain a registered agent upon whom service may be had whose business address is identical with registered office, therefore we may readily see that the Legislature had in mind a domestic corporation when it included service agent as one of the many listed in the first class upon whom service may be had in Title 12, Sec. 163, O.S.1951, since they are all required to be in the same county. However, section 1.17 provides that the registered agent shall be a resident of the Capitol City, therefore it must be presumed that the Legislature was providing a definite county where service could be had upon a foreign corporation realizing that registered office or principal place of business would naturally be located in another state.

It is clear that the above provision for service of process is one of the essential and important terms and conditions upon which foreign corporations are allowed to do business within our state, therefore said service agent is properly advised by the authorities of said foreign corporation as to what to do when served with any type of legal process, while a local agent or some person having charge of a local enterprise of said foreign corporation would likely know little or nothing concerning litigation and would not be expected to, nor would such individual ordinarily realize the importance of such process. From a careful investigation of these statutes it would seem that the Legislature by the last Act (Title 18, Sec. 1.17 O.S.1951) did not intend that the various methods provided for service of summons be cumulative, and that a litigant could choose to proceed under the one most convenient to him, but instead, intended to provide that some person should be designated upon whom the service of

process could be made in actions against foreign corporations, and that service of process should be made upon such persons.

■ We do not construe any of the authorities cited to sustain the position of plaintiff in error that the service here was a valid service upon this foreign corporation, nor do we find any statutory provision for such service.

In the recent case of Mid-Continent Petroleum Corp. v. Brewer, 207 Okl. 230, 248 P.2d 1039, 1040, we held:

"Under the provisions of 12 O.S. 1941 § 163, a summons against a corporation is ineffective when served on the cashier, treasurer, secretary, clerk or managing agent, or left at its office or usual place of business with the person in charge, unless it is impossible to serve it upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly and legally appointed to receive service of process."

In the Brewer case we said:

"It is unnecessary, as we view the case, for us to determine whether the method provided in the Business Corporation Act, 18 O.S.1951 § 1.1 et seq., for the service of process upon domestic and foreign corporations is cumulative so that service may be had either under the provisions of that law or under 12 O.S.1951 § 163, by a party suing a foreign corporation in the courts of this state. This, for the reason that we consider that the service of process in this case does not comply with the requirements of 12 O.S.1951 § 163."

The service in the Brewer case was upon the treasurer of the corporation and return showed "no other officer found."

Therefore, for the reasons hereinabove stated, we are of the opinion, and so hold that the trial court erred in not sustaining the motion of "Magnolia" to quash the service.

There are other assignments of error argued by plaintiff in error. However, in view of our decision as to the first assignment, we deem it unnecessary to discuss them.

Judgment reversed and remanded, with instructions for trial court to proceed in accordance with the views expressed herein.